Hillsborough,
  Feb. 3, 1903.

### DOUGLASS *v.* CONCORD & MONTREAL RAILROAD *&* a.

The property right of non-assenting shareholders in railroad corporations which unite to form a new corporation, under chapter 5, Laws 1889, cannot be acquired by the new corporation without payment therefor.

A mere failure to assent to or dissent from a contract of union between corporations does not constitute laches on the part of a stockholder ignorant of his rights, if no one has acquired interests, invested money, or changed his position, upon the strength of such silence.

BILL IN EQUITY, to compel the defendant corporations to issue to the plaintiff five shares of stock in the Concord & Montreal Railroad. Trial at the May term, 1902, of the superior court before *Young*, J.

May 27, 1865, the plaintiff became the owner of five shares of the stock of the Boston, Concord & Montreal Railroad, and a certificate was issued to her on that date. In May, 1871, she placed the certificate and other papers in the possession of Henry Brown for safe keeping. May 15, 1871, the certificate was presented to the corporation, bearing an indorsement which purported to transfer the shares to Brown, and a certificate was issued to him therefor. In 1873, the plaintiff received from Brown what she supposed to be the papers previously delivered to him. The stock was then of little value, and the plaintiff had never received a dividend or other return upon her shares. She did not examine the certificate until the summer of 1898, when her attention was called to it, and she then discovered that it stood in the name of Brown and was indorsed in blank by him. Upon subsequent

inquiry, the plaintiff learned that the stock had stood in the name of Brown upon the books of the corporation since May, 1871. Brown died in 1886.

In September, 1889, at meetings of the stockholders of the Concord Railroad Corporation and of the Boston, Concord & Montreal Railroad, an agreement was made for the creation of a new corporation by the union of those companies; and on September 19, 1889, a contract was executed by the authorized agents of the corporations, this action being taken under authority of chapter 5, Laws 1889. The contract provided that the stock of the new corporation should be of different classes, and that shareholders of the Boston, Concord & Montreal Railroad owning stock such as that held by the plaintiff should have the right to exchange their shares for an equal number of shares of a certain class in the new corporation. The agreement further provided: "The stock of the new corporation shall be full payment for the stock of the old corporation for which it is to be exchanged as aforesaid, and the latter stock shall thereupon become the property of the new corporation. If any stockholder does not accept the stock apportioned to him in exchange for his old stock as aforesaid, it, together with any other stock belonging to the corporation, may be sold by the directors as they may order, and the proceeds be applied to the uses of the corporation."

The plaintiff had no actual notice of the meetings of September, 1889, or of the contract of union, nor did she know that the meeting had been held or the contract executed until the summer of 1898, after the time when her attention was called to the facts as to the certificate. Upon discovery of the facts concerning the certificate, the plaintiff notified the Concord & Montreal Railroad— the new corporation—that she claimed to be the legal owner of the stock; and on November 21, 1899, she made demand on the corporation to issue to her five shares of stock, and tendered the certificate held by her in exchange therefor. At the date of demand there was no unissued stock of the Concord & Montreal Railroad that could be substituted for those five shares, and the corporation refused to issue to the plaintiff any stock in exchange for her certificate.

In March, 1896, the Concord & Montreal Railroad sold all its unissued stock, including the five shares corresponding to the stock standing in the name of Henry Brown, and applied the proceeds to the uses of the corporation. No stock has ever been set apart for the plaintiff or Henry Brown, and the defendants refuse to account in any manner to the plaintiff for the proceeds of the sale. June 29, 1895, the Concord & Montreal Railroad granted, demised, and leased to the Boston & Maine Railroad all its prop-

erty, rights, and franchises, including its unissued stock. The lease was made according to law, and notice thereof given to stockholders of both corporations, in accordance with the by-laws of each. The sale of the unissued stock and the application of the proceeds were in accordance with the terms of the lease.

The defendants moved for judgment, claiming among other things that upon the facts the plaintiff was guilty of laches, had forfeited all right to claim an exchange of stock, and was estopped from setting up this claim, the stock having been sold and its avails having become the property of the Boston & Maine Railroad. It was found that the plaintiff was not estopped and was not guilty of any laches, and the defendants excepted. The bill was dismissed as against the Boston & Maine Railroad, and the plaintiff excepted. The court ruled that the plaintiff could recover from the Concord & Montreal Railroad the value of the five shares of stock, with accrued dividends to the day the plaintiff discovered that the stock had been converted and interest from that date, and the Concord & Montreal Railroad excepted.

*Taggart, Tuttle & Burroughs,* for the plaintiff.

*Mitchell & Foster* and *Streeter & Hollis,* for the defendants.

Parsons, C. J. "If any stockholder in a railroad corporation of this state, which shall make a contract of lease or agree to unite with another railroad corporation pursuant to this act or any other law of this state, shall dissent from said lease or union, the corporation in which he is a stockholder in case of lease, or the united corporation in case of union, shall apply by petition to any justice of the supreme court in term time or vacation,  .  .  . praying that action may be taken by the court to determine the value of the stock, interest, or property right taken of any dissenting stockholder or any stockholder who may be entitled to have the value of his stock, interest, or property right taken determined.  .  .  . When notice has been given,  .  .  . the justice shall proceed to hear the parties and shall determine, as soon as practicable, the value of the stock, interest, or property right taken of dissenting stockholders and all such other stockholders who have not assented to the lease or union as are entitled to have compensation for their stock, interest, or property right taken, and shall award such stockholders such compensation as they may be entitled to receive.  .  .  . The petitioner shall forthwith pay or tender the sum so awarded to the stockholders entitled thereto, and if for any reason it is impracticable to make or tender such payment, or if such person refuses to receive the

same when tendered, said justice may order and direct the petitioner to deposit the money with the state treasurer." Laws 1889, c. 5, s. 1.

The Concord & Montreal Railroad was formed by the union of the Boston, Concord & Montreal Railroad and the Concord Railroad Corporation, under the authority of the act cited. The plaintiff owned five shares of the stock of the Boston, Concord & Montreal Railroad, and by the terms of the agreement of union was entitled to five shares of one of the classes of the capital stock of the new corporation. If the plaintiff dissented from, or did not assent to, the union of the two corporations, the new corporation could have had the value of the plaintiff's stock ascertained; and upon payment or tender of its value, or deposit of the same with the state treasurer, would have become the owner of the plaintiff's stock in the Boston, Concord & Montreal Railroad and of her right to five shares in the new corporation.

Such proceedings have not been had, and nothing has been paid or tendered the plaintiff for her stock, or deposited for her use. It is claimed that the defendants have become the owners of the plaintiff's stock without paying anything for it, because the plaintiff did not seasonably apply for an exchange of stock. It is said the plaintiff had constructive, if not actual, notice of the meeting of the Boston, Concord & Montreal Railroad for the formation of the new corporation, and is bound by the action of that meeting and the contract of union there entered into. Assuming this to be so, she was not bound by any unauthorized action taken at the meeting, or by any action of the defendants not authorized by the contract to which the corporation in which she was an owner was a party. As it is the law of this state that the union of two railroad corporations cannot be effected without the payment of the value of their interests to stockholders who do not assent (*Dow* v. *Railroad*, 67 N. H. 1), and as the legislative authorization for the action proposed to be taken expressly provided for such payment as an essential to the validity of such contract, she was not legally bound to attend the meeting to oppose a contract illegally depriving her of the value of her stock.

The contract provides: "If any stockholder does not accept the stock apportioned to him in exchange for his old stock as aforesaid, it, together with any other stock belonging to the corporation, may be sold by the directors as they may order, and the proceeds be applied to the uses of the corporation." This provision manifestly relates to the possible contingency that some stockholders might not assent to the union, whereby proceedings might be necessary under the law for the ascertainment of the value of such stock; and one of the uses of the new corporation for which

the proceeds of refused stock would be applicable would be payment of the sums awarded such stockholders. No stock was ever set apart for the plaintiff, or Henry Brown, in whose name the plaintiff's stock stood on the books of the Boston, Concord & Montreal Railroad. It is understood from the findings that no certificate for the same was in fact ever offered to or refused by either of them.

The plaintiff's delay in presenting her stock for exchange must have been understood by the defendants either as an assent to the agreement of union or as a dissent therefrom. If they understood she assented to the contract, they understood she did not refuse to accept the stock, and that they had no right to sell it. If they understood she dissented, under the law they had no title to her corporate interest without paying its value, to be ascertained in proceedings the burden of commencing which rested with them and not with her. There is no suggestion of any method, either in the statute or the contract of union, if either could be upheld, by which any stockholder could be, or was to be, deprived of his corporate interest without payment in stock or money. If a provision in the contract of union, that all stockholders who did not present their stock for exchange within a time named or a time denominated reasonable should forfeit their right to stock in the new corporation and to compensation for its value, would have been valid and binding upon the plaintiff in actual ignorance of the provision, no such provision was attempted to be inserted. The defendants, justifying their sale of the stock upon the ground that the plaintiff did not accept the stock,—the sole provision of the contract upon which reliance is placed,—cannot maintain that position in fact, if sufficient in law, without establishing that the owner of the old stock did not accept the new stock. Non-presentation for exchange, if evidence of refusal, is not conclusive. Upon the facts stated, it cannot be held as matter of law that the force of the delay as evidence is not answered by the other evidence in the case, or that the finding that the plaintiff did not in fact refuse to accept the stock, included in the general finding for her, was unwarranted.

The Concord & Montreal Railroad could convey to the Boston & Maine Railroad no better title to its unissued stock than it possessed. What the transaction as to the sale of the stock under the lease was, does not appear with clearness. If the stock was leased and sold by the lessor subsequently, as the agent of the lessee, the latter receiving the proceeds, there would seem to be no reason why the principal should not account as well as the agent. If the sale was made by the Concord & Montreal, and the proceeds applied to the uses of the corporation generally, it may be

doubtful whether the proceeds could be followed into the hands of the lessee, if received in the mass of the corporate property leased.

The plaintiff has filed no brief, and it is probably of no practical importance whether the decree runs against both defendants or one only. In the absence of request for the consideration of the plaintiff's exception, and in view of the uncertainty of the ground upon which the order was made, this order is not disturbed. If the plaintiff had not become a stockholder of the Concord & Montreal Railroad by acceptance, the notice of the meeting to lease the road to the Boston & Maine was not constructive notice to her. If she had accepted the stock and so became a member, a vote by the corporation to sell or lease her stock without her consent was unauthorized and void.

The authorities cited by the defendants upon the question of laches and estoppel have no application. The plaintiff did not lie by with knowledge of her rights, and no one has rightfully acquired rights, or invested money, or changed his position, upon the strength of her silence. If in good faith the Concord & Montreal Railroad sold the stock, understanding because of want of application the owner refused to accept, they are not harmed by the order requiring them to account for the proceeds. If the unissued stock was an inducement to the Boston & Maine Railroad to make the lease, they were put upon inquiry as to the title of the Concord & Montreal Railroad thereto, and bound to inquire whether the owners had in fact refused to accept it.

The defendant the Concord & Montreal Railroad wrongfully converted the plaintiff's stock, either at the date of the lease to the Boston & Maine (June, 1895) or the date of the sale (March, 1896), and the plaintiff is entitled to recover the value in an appropriate action. No objection is made to the form of the proceedings or to the damages assessed.

*Exceptions overruled.*

CHASE and BINGHAM, JJ., did not sit: the others concurred.