Carroll,
June 7, 1910.

## PIKE v. BUZZELL.

The acceptance and collection of a check which expressly states that it is " in full settlement of account," but is for a smaller sum than that claimed to be due, does not furnish conclusive evidence of the payee's assent to the proposition of settlement.

ASSUMPSIT. Plea, accord and satisfaction. Facts agreed. Transferred without a ruling from the November term, 1909, of the superior court by *Plummer*, J.

The suit is upon a disputed account for lumber. The defendant, claiming damages in the sum of $150 against the plaintiff for breach of contract to ship other lumber, sent his check to the plaintiff for the sum due less that amount, stating in the letter and upon the face of the check that it was "in full settlement of account to date." The plaintiff indorsed the check and received the money upon it, which he credited to the defendant on account. Upon these facts it is claimed that the plaintiff is " concluded " and that the defendant is entitled to judgment. If this claim is not sustained the case is to stand for trial.

*Leslie P. Snow*, by brief and orally, for the plaintiff.

*Elmer J. Smart*, by brief and orally, for the defendant.

WALKER, J. As the case is understood, the question presented is whether the plaintiff's receipt of the defendant's check and the collection of the money thereon necessarily amounted to an assent on his part to the defendant's proposition that the money thus received should be deemed to be in full settlement of the account. This transaction is undoubtedly strong evidence that the minds of the parties met upon the proposition of a settlement; but if for some sufficient reason the plaintiff did not in fact assent to the defendant's proposition, his application of the money on account did not amount in law to a settlement. The defendant's position seems to be that no additional evidence of the plaintiff's understanding is admissible, because there is a conclusive presumption arising from the facts reported that he assented to the defendant's proposition. Whether he assented or not is clearly a question of fact — not of law — which is to be found by considering, not a part, but all of the relevant evidence which is legally admissible upon that issue. *Gowing* v. *Thomas*, 67 N. H. 399. The plaintiff

may be able to produce competent evidence tending to prove that, notwithstanding the language of the defendant's letter and check, there was under the circumstances no agreement in fact between the parties for a settlement. The court cannot say that such evidence may not exist. If it does exist and is offered, it should be received and considered in connection with the rest of the evidence in the case.

Whether upon the evidence reported a jury could reasonably find that the plaintiff did not assent to the proposed compromise of his claim is a question which has not been considered, since in view of what has already been decided, and in accordance with the terms of the case, a further trial may be had.

*Case discharged.*

All concurred.