Carroll,
May 2, 1911.

## PIKE v. BUZZELL.

The acceptance and collection of a check which is declared to be "in full settlement of account," but is for a smaller sum than that claimed to be due, does not estop the payee to insist on the balance of his claim, when it appears that prior remittances accompanied by similar statements were treated by the debtor as partial payments, and not as final adjustments of the account.

ASSUMPSIT, to recover the balance due on five carloads of box boards. Plea, accord and satisfaction. Trial by jury and verdict for the plaintiff. Transferred from the November term, 1910, of the superior court by *Wallace*, C. J., on the defendant's exceptions to the denial of a motion for a nonsuit and to the admission of evidence.

The plaintiff sold the defendant box boards to be delivered as ordered, but reserved the right to abandon the contract at any time if the measure was unsatisfactory. The plaintiff began to complain of unfair treatment almost as soon as the first shipment was made and finally notified the defendant that he should not ship any more boards. The defendant contended that this constituted a breach of contract and later sent the plaintiff a statement in which he credited himself with $150 as damages. With the statement he sent a check and the following letter: "I herewith tender you my check for $477.16, in full settlement of account to date." The plaintiff used the check and brought suit for $150.

Subject to exception, the plaintiff was permitted to show that during the preceding three months he had received from the defendant several checks accompanied by letters, in each of which it was said that the check was in full settlement of the account up to a definite date; and that although the plaintiff used the checks, the defendant never contended that they constituted anything more than payments on account.

*Leslie P. Snow*, for the plaintiff.

*Elmer J. Smart*, for the defendant.

YOUNG, J. It was said when this case was here before (*Pike v. Buzzell*, 75 N. H. 486) that "the question presented is whether the

plaintiff's receipt of the defendant's check and the collection of the money thereon necessarily amounted to an assent on his part to the defendant's proposition that the money thus received should be deemed in full settlement of the account," and that whether or not he assented was a question of fact. Therefore, the question raised by the first exception is whether there is any evidence tending to prove that the plaintiff did not assent to the defendant's claim for damages. The plaintiff testified that he neither understood he was assenting, nor intended to assent, to that claim when he used the check; and it can be found from the evidence admitted subject to exception that the defendant ought to have known he would not so understand the transaction. That evidence shows that in all instances (or, at least, in all but one) in which he received a remittance, the check was accompanied by a letter stating that it was in full settlement of the account up to a definite date; but that notwithstanding the plaintiff collected the checks, neither party treated his doing so as an adjustment of the account. The plaintiff notified the defendant in what respects the account was incorrect, and the defendant wrote of his willingness to correct it.

The only evidence tending to rebut the presumption that the plaintiff did not assent to the defendant's proposition which it is necessary to consider is the letter; for the plaintiff testified that the indorsement "in full settlement of account to date," which now appears on the check, was not on it when he received it. In so far as this question is concerned, the letter differs in no material respect from those which accompanied the other remittances; and since the defendant had not treated the using of the check as a final adjustment of the account in any of those cases, no reason appears why the plaintiff should suppose he would contend that it had that effect on this occasion. The check was not sent to adjust a contested claim, but in payment of the amount the defendant conceded he owed the plaintiff. Consequently the use of the check does not estop the plaintiff to insist on the balance of his claim.

No reason has been suggested by the defendant, and none occurs to the court, why the evidence excepted to should have been excluded.

*Exceptions overruled.*

All concurred.