Coös,          }
March 6, 1917. }

### ERNEST BISBEE *v.* PULPIT FARM DAIRY.

If a creditor, upon receiving from his debtor the latter's check for less than the
claim, with words written thereon acknowledging full payment, erase them and
collect the check, the creditor is not estopped to recover the balance, if his con-
duct reasonably constituted notice that the check was not received in full pay-
ment.

Evidence that a purchaser of milk inspected shipments, used them in his business
and failed to call the inspectors as witnesses warranted a finding that the milk
was up to standard.

An agreement upon an illegal consideration is void.

ASSUMPSIT, for milk sold. Trial by jury. The evidence tended
to prove that the plaintiff, who had been shipping milk from his
farm in Vermont to the defendants in Manchester, N. H., for a year
or more, leased his farm in October, 1914, and agreed with the
tenant that he should continue to ship milk to them but should
ship it in the plaintiff's name, who should collect payment there-
for and, after deducting his rent, turn the balance over to the tenant.
On July 21, 1915, one of the city inspectors found that two cans
of the plaintiff's milk were not up to standard and, on August 6,
three more cans. Certain shipments were inspected by the de-
fendants' employees when unloading the milk from the cars and
they accepted all of it and used it in their business without noti-
fying the plaintiff until September 1, 1915, that there was any
trouble with it, when they sent their treasurer to him, who, after
telling him that criminal proceedings either had been or would be
instituted against him, said that they would not appear against
him if he would allow them one hundred dollars on the account.
The plaintiff agreed to this and gave the defendants' treasurer a
receipt for one hundred dollars on the milk account.

A few days later the plaintiff wrote the defendants and repudiated
the agreement and asked them to return the receipt to him.

In reply they wrote him that the agreement was valid and that
the enclosed check together with the one hundred dollars he had
agreed to allow them represented the amount they owed him at that
time and that the check was sent in settlement of the account. On
its back was written: "This check in payment of all milk received
to date." The plaintiff drew a line through these words, endorsed
the check and deposited it for collection, and a day or two later

brought this suit.   The jury found (1) a general verdict for the plaintiff; (2) that all the milk except five cans was up to standard; (3) that the plaintiff did not accept the check in settlement of the milk account.   The court refused to instruct the jury that if the plaintiff erased the receipt on the back of the check without the defendants' consent it would not affect the condition on which the check was sent.   Transferred by *Sawyer*, J., from the April term, 1916, of the superior court on the defendants' exception to this ruling and to the denial of their motion for a directed verdict.

*Bernard Jacobs*, by brief and orally, for the plaintiff.

*Drew, Shurtleff, Morris & Oakes* and *Arthur B. Hayden* (*Mr. Morris* orally), for the defendants.

YOUNG J.   The defendants say their motion for a directed verdict should have been granted because it cannot be found (1) that any of the milk was up to standard; (2) that the agreement of September 1 was illegal; and (3) that the plaintiff did not accept the check in settlement of the account.

1. The evidence relevant to the issue whether the milk was up to standard was that it was all right when the city inspected it on August 31; that the defendants accepted it without complaint and used it in their business; and that notwithstanding they inspected it as it was unloaded from the cars they did not call the inspectors to testify as to its quality.   This warrants the finding that all but five cans were up to standard.

2. It can be found that the defendants' treasurer told the plaintiff that he was liable to a criminal prosecution but that they would not appear against him if he would allow them one hundred dollars on the account.

In other words it can be found that the agreement of the defendants' treasurer not to appear against the plaintiff if he was prosecuted criminally was the consideration for the agreement evidenced by the receipt.   It is elementary that if the consideration for the agreement was illegal the agreement itself was illegal.

3. The fact the plaintiff collected the check is not an answer to this suit unless he either agreed to accept it in settlement of the account (*St. Pierre* v. *Company*, 77 N. H. 599) or is estopped to deny that he so accepted it.   *Pike* v. *Buzzell*, 75 N. H. 486.   No one contends that he agreed to so accept it; consequently the question on

this branch of the case is whether he is estopped to deny he so accepted it. The test to decide that question is to inquire whether he used ordinary care to notify the defendants that if they paid the check he would not accept the proceeds in settlement of the account; or to notify them that if they paid it he should treat the proceeds as a payment on account; for on the one hand while it is true, as the defendants contend, that if he used the check without doing what the ordinary man would have done to notify them that he would not accept it in settlement of the account, he cannot now be heard to deny that he so accepted it; on the other hand it is just as true that if they paid the check after they either knew or ought to have known that he refused to accept it in settlement of the account, they cannot now be heard to deny that they permitted him to treat the check as a payment on the account.

· In considering whether the plaintiff is estopped to deny he accepted the check in settlement, it is important to remember that the check was not a check within the ordinary meaning of that term, but a written instrument directing the bank on which it was drawn to pay $36.50 to the order of the plaintiff·provided he executed the receipt on its back. It was reasonable, therefore, for the plaintiff to think that, if he erased the receipt before he deposited the check for collection, the bank would not pay it without notifying the defendants of what he had done and that it would be guided by them as to paying it. In short it can be found that the plaintiff did all the ordinary man would have done to notify the defendants that he would not accept the check in settlement of the account.

It follows, therefore, that there is evidence to warrant the finding that the plaintiff is not estopped to deny that he accepted the check in settlement of the account. This disposes of the defendants' exception to the court's refusal to give the requested instruction as well as of their exception to the court's denial of their motion for a directed verdict.

*Exceptions overruled.*

All concurred.