Hillsborough,
Oct. 4, 1938.

### C. & R. CONSTRUCTION CO. *v.* MANCHESTER.

*Devine & Tobin* (*Mr. Devine* orally), for the plaintiff.

*Frederick W. Branch, William H. Craig* and *Paul J. Doyle* (*Mr. Branch* orally), for the defendant.

PAGE, J.   The plaintiff does not suggest, as was done in *Pike* v. *Buzzell,* 75 N. H. 486, any specific fact not in the record that would

serve to support its contentions. It apparently relies upon a chance that a trial by jury might disclose some circumstance as yet unknown and even unguessed. We cannot conjecture what facts a trial might disclose in addition to those to which the parties have agreed. The facts before us are not so meager or ambiguous or inconclusive that the case should be discharged without decision, as was done in *Strafford County* v. *Dover*, 74 N. H. 601.

The plaintiff relies upon the cases of *Pike* v. *Buzzell*, 76 N. H. 120; *St. Pierre* v. *Company*, 77 N. H. 599, and *Bisbee* v. *Dairy*, 78 N. H. 372. However seemingly those cases may run against the current of American authority (Restatement, Contracts, *s.* 420; 1 Am. Jur., 224, 225; 1 C. J., *s.* 528-539), a re-examination of the principles involved is now unnecessary, since the plaintiff does not bring itself within the facts therein presented. Those cases held that the question whether there has been an accord and satisfaction is one of fact, not of law; that to establish one there must be either an express agreement or an estoppel as matter of fact. While it cannot be said that the plaintiff in the case before us expressly agreed to a settlement in full, we are of opinion that it is estopped to claim the contrary.

The fair inference of fact that in accepting the check and having it certified the plaintiff accepted the conditions upon which it was tendered is not rebutted by any fact or circumstance of record. It does not appear, as it did in the *Pike* case, that the defendant had, in the course of prior transactions with the plaintiff, waived a condition that a check should be taken in full settlement, thus making the estoppel run against the drawer of the check.

The plaintiff did nothing to notify the defendant that it did not accept the check upon the terms of full settlement. In the *Bisbee* case there was in fact such notification in the erasure of the notation of "full settlement" borne by the check, and we held that the payee might rely upon the bank's not making payment without first notifying the drawer of the erasure. In that case it was said that the estoppel might run either way. The drawer who pays a check, or permits it to be paid, when he knows or ought to know that the payee has refused to accept it in full settlement, is estopped to rely upon an accord and satisfaction. This case, however, does not remotely resemble that. On the other hand, the payee of the check is estopped to deny the accord and satisfaction when he fails to do what the ordinary man would do to notify the drawer of non-acceptance of the conditions on which the check is tendered.

Instead of notifying the defendant that the offer of full settlement was repudiated, the plaintiff did the thing best tending to indicate an intent to agree to the proposed accord. Without a word of disclaimer, it accepted the full fruits of the offer by having the check certified, thus (P. L., c. 312, ss. 187-189) substituting the bank for the defendant as debtor of the fund represented by the check, discharging the defendant with respect to it, and leaving the defendant helpless to stop payment of the check, or otherwise to control the credit which had been placed in the hands of the plaintiff conditionally. There could hardly be a clearer case of estoppel against the plaintiff. Reasonable men could not find that the plaintiff did what an ordinary man would have done to notify the defendant of rejection of the conditions upon which the check was tendered.

The proof offered by the plaintiff that it did not intend to accept the terms could not alter the situation. The silence of the plaintiff is not to be tested by its intent but by what a reasonable person in the defendant's position would have understood it to mean. Consequently all evidence of the plaintiff's intent not called to the defendant's attention would be inadmissible. *Fitch Company* v. *Insurance Co.*, 82 N. H. 318, 319. But even if admissible, an intent kept secret for a year would help the defendant rather than the plaintiff, for the question of estoppel turns upon action or inaction. A voluntary request for transfer of the defendant's credit at the bank by one having such a secret intention could not be found to operate otherwise than as an estoppel unless there were some qualifying fact or circumstance here lacking.

In accordance with the agreement there will be

*Judgment for the defendant.*

BRANCH, J., did not sit: the others concurred.