Merrimack,
June 28, 1949. } No. 3840.

FLORENCE M. HACKETT, *Individually and as Trustee*

*v.*

BOSTON & MAINE RAILROAD.

512

*Charles F. Hartnett* (by brief and orally), for the plaintiff.

*McLane, Davis, Carleton & Graf (Mr. Carleton* orally), for the defendant.

BRANCH, C. J.   It was decided in *Hackett* v. *Railroad, ante,* 45 that R. L., *c.* 296, *s.* 25, *et seq* as construed in *Perkins* v. *Company,* 90 N. H. 534, 536 entitled a dissenting stockholder of a railroad corporation to an appraisal of the value of the stock upon the sale and transfer of its assets to another railroad.   Plaintiff claims that the decision in the first transfer of this case *(ante,* 45) is *res judicata* of the defense of estoppel raised in this proceeding.   As the defendant correctly points out, this is not so for several reasons: "No issue of estoppel was presented by the pleadings, argued by petitioner's counsel nor considered by the Court.   Furthermore, all the facts upon which to determine the question of an estoppel were not in the possession of the Court" in the former case.

It appears from the agreed statement of facts that the plaintiff conducted a considerable investigation of the details and merits of her claims for appraisal.   In so far as these activities were not brought to the attention of either railroad or their representatives they are not binding upon or admissible against the defendant.   As evidence that the plaintiff did not accept the checks in full payment, it was admissible only to the extent they were communicated or made known to the defendant.   This is well settled in this state.   *Fitch Company* v. *Insurance Co.,* 82 N. H. 318, 319; *Foley* v. *Foley,* 90 N. H. 281, 284, and cases cited.

In order that a check may operate as an accord and satisfaction of a disputed claim the check or accompanying papers must expressly state it is offered in full payment or the surrounding circumstances must so indicate. 6 Williston, Contracts (Rev. *ed.*), *s.* 1856. A reasonable interpretation of the letter accompanying the check in this case makes it clear that the check was offered in full payment of the plaintiff's interest in the property of the Concord & Portsmouth Railroad. "The fair inference of fact that in accepting the check . . . the plaintiff accepted the conditions upon which it was tendered is not rebutted by any fact or circumstance of record. . . . Instead of notifying the defendant that the offer of full settlement was repudiated, the plaintiff did the thing best tending to indicate an intent to agree to the proposed accord." *C. & R. Construction Co.* v. *Manchester*, 89 N. H. 506, 508-509. Under these circumstances it follows that the plaintiff cannot assert a further claim under the statute and the order here must be

*Petition dismissed.*

KENISON, J., dissented: DUNCAN, J., did not sit: the others concurred.

KENISON, J., *dissenting:* "It should be observed that the debtor must make it clear that the check which he sent is offered only on condition that it is taken in full payment." 6 Williston, Contracts (Rev. ed.) *s.* 1856. See also, 75 A. L. R. 905, 919. This is true either under the majority rule which holds the question whether there has been an accord and satisfaction is one of law or the New Hampshire and minority rule that it is a question of fact. *C. & R. Construction Co.* v. *Manchester*, 89 N. H. 506; N. H. Annos. Restatement, Contracts, *s.* 420. Neither the checks cashed by the plaintiff nor the accompanying letter contained any condition or notation that they were to be accepted as full payment, as was true in the *Manchester* case, *supra.* The letter to stockholders stated it was a completed sale and liquidation as authorized by the Public Service Commission. But the approval of the Commission was subject to an express condition inserted for the benefit of dissenting stockholders: "In addition, should dissenting stockholders of the Concord & Portsmouth obtain greater appraisals of their shares . . ., the Boston & Maine will pay such appraised value though it exceeds $50 per share." 26 N. H. P. S. C. 234, 236 (1944).

The plaintiff was entitled to the benefit of this condition and obligation assumed by the defendant with the approval of the Public Service Commission. Even if the plaintiff's actions in this case were considered as an accord and satisfaction or an estoppel to deny it as against the dissolved Concord & Portsmouth Railroad, it did not relieve the defendant of its additional undertaking to pay any excess value that might be found due a dissenting stockholder. Cf. *Douglass* v. *Railroad*, 72 N. H. 26, 31.