Cheshire,
No. 5267.

COREY STEEPLEJACKS, INC.

*v.*

GENE P. CRAY d/b/a CRAY OIL COMPANY.

Argued December 1, 1964.
Decided February 1, 1965.

*Francis P. Edes* (by brief and orally), for the plaintiff.

*Bell, Bell & Shortlidge* (*Mr. Ernest L. Bell III* orally), for the defendant.

BLANDIN, J.   The basic issue here is whether the Court erred in not directing a defendant's verdict as a matter of law, on the ground that the plaintiff's acceptance of the defendant's check for $3,000 was in full settlement of the disputed claim. Before reaching this underlying problem it may be well to dispose of certain preliminary questions.

In his opening statement to the jury, the plaintiff claimed that the lumber sold was at seven cents a "running board foot" and

the "iron" at six cents a pound. The defendant objected on the grounds that in the pretrial order the claim was stated to be not on an agreed price, but for fair market value for all items. However, the Court, subject to the defendant's exception, permitted the pretrial order to be amended. This ruling by the Court was discretionary (Superior Court Rules 51(7) (b)), and we see no reason to disturb it.

Without detailing the testimony, the record supports a jury finding that there was an agreed price for certain specified materials, as stated by the plaintiff in his opening, and that the defendant accepted these materials without ever seeking to return them and without complaining as to their quantity or quality until the trial. In addition to the lumber and certain steel I beams, the plaintiff claimed that the defendant purchased a quantity of iron pipe and H column posts, concerning which there was much doubt as to whether there was an agreed price. The jury could find that all this material was delivered and that the price was on the invoices which the defendant received from his truck driver. The plaintiff, who was an experienced man dealing with used building materials and similar merchandise, testified that the price represented fair value and that the defendant was present when the materials were selected and loaded at the plaintiff's place of business.

The Court charged the jury that if they found that there was an agreed price on certain items and that these were accepted by the defendant, the plaintiff could recover this price. He further instructed them in substance, and subject to exception, that upon whatever materials delivered the jury were unable to find an agreed price, the plaintiff was entitled to recover their fair market value. We believe that the Court's instructions were correct. 17A C.J.S., Contracts, *s.* 523 1 b, *p.* 1008; see *State v. Haley*, 94 N. H. 69, 72-73; *White* v. *Schrafft*, 94 N. H. 467, 471.

The jury could find from the testimony of the plaintiff, who was qualified to estimate the worth of such articles, that the fair market value was the price charged. This conclusion is further buttressed by the fact that the defendant, an experienced trader, made no complaint until the trial. The defendant's exception to the Judge's charge on the issue relating to fair value is overruled.

The defendant also excepted to the admission under RSA 521:2 (Uniform Business Records as Evidence Act) of certain

records in the form of invoices containing the dates, the prices and the specifications of the various deliveries. This statute reads as follows: "BUSINESS RECORDS. A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

The records were obviously relevant, and it was implicit in the Court's ruling that it found the sources of information and the time and method of preparation such as to justify their admission. There is evidence that the plaintiff had personal knowledge of the entries on each invoice and that he either wrote down the items when the defendant's trucks were loaded at the plaintiff's place of operations or had someone do this in his presence. There is also testimony that a regular course of procedure was followed in the case of each delivery and that the plaintiff himself was almost always present and that as defendant's truck driver left the plaintiff's place, he was given an invoice and then a copy was sent to the defendant, while the plaintiff also retained a copy. On many of the invoices, the prices had been written down when they were given to the driver. On large loads, the cost was later inserted at the plaintiff's office. As he put it: "I say we had an agreed price and it was just a matter of multiplication and the prices were filled in at the office." We believe that these exhibits meet the requirements of RSA 521:2. See *Clark* v. *Hergen*, 75 S. D. 48. The purpose of the law was not to further complicate or obstruct the admission of such evidence, but to liberalize its admission where it appeared sufficiently trustworthy. It follows that the defendant's exceptions as to the admission of the invoices cannot prevail.

In considering the defendant's preliminary contention that the plaintiff's acceptance of the $3,000 check was in full settlement as a matter of law, we are aware that there is much authority to support this view when the claim is disputed or unliquidated. *Curran* v. *Bray Wood Heel Co.*, 116 Vt. 21; Restatement, Contracts, *s.* 420, *comment* a; 1 Am. Jur. 2d, Accord and Satisfaction, *ss.* 18, 26, 27. See also, 6 Williston, Contracts (Rev. *ed.*) *s.* 1856. When the claim is liquidated, the weight of authority appears to be that the acceptance of a lesser sum does

not as a matter of law constitute satisfaction in full. Restatement, Contracts, s. 420; 1 Am. Jur. 2d, Accord and Satisfaction, ss. 18, 26, 27; 1 C.J.S., Accord and Satisfaction, s. 26. This view has been much criticized. 1 C.J.S., Accord and Satisfaction, s. 26, supra; 12 Harv. L. Rev. 515, 521. However this may be, New Hampshire does not follow the weight of authority. See New Hampshire Annotations to Restatement, Contracts, s. 420, p. 145. Our view is that, whether the claim be liquidated or unliquidated, the matter resolves itself into a question of fact as to whether the lesser sum was accepted as satisfaction in full. *Frye* v. *Hubbell*, 74 N. H. 358; see also, *Pike* v. *Buzzell*, 75 N. H. 486; see *C. & R. Construction Co.* v. *Manchester*, 89 N. H. 506, 508; *Watkins* v. *Carrig*, 91 N. H. 459.

In the present case, there is evidence from which the jury could find that the plaintiff pressured the defendant into sending $3,000 on account to avoid having his race horses attached; that the check was sent for that purpose; and that the plaintiff never intended to, and did not, accept the payment in full. In all the circumstances, it cannot be said as a matter of law that the plaintiff by cashing the check accepted it in full payment of his account. See *O'Haire* v. *Breton*, 102 N. H. 448, 453; cf. *C. & R. Construction Co.* v. *Manchester, supra.*

An examination of the entire record discloses no errors, and the order is

*Judgment on the verdict.*

DUNCAN, J., did not sit; the others concurred.