Manchester District Court,
No. 5484.

JOSEPH KRAMAS & a.

*v.*

JEANNETTE E. BEATTIE d/b/a BEATTIE'S AQUARIUM.

Argued June 8, 1966.
Decided July 15, 1966.

*Betley & Betley ( Miss Constance J. Betley* orally ), for the plaintiff.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *Dort S. Bigg ( Mr. Bigg* orally ), for the defendant.

Kenison, C. J. A half century ago New Hampshire by judicial decision, quietly and unheralded, modernized a portion of the law of consideration by lopping off one of the historical errors of the common law. It repudiated *Pinnel's Case,* 5 Coke 117a ( 1602 ) and *Foakes* v. *Beer,* 9 App. Cas. 605 ( 1884 ) as being neither logical nor just. See, Ferson, The Rule in Foakes v. Beer, 31 Yale L. J. 15 ( 1921 ); Havighurst, Consideration, Ethics and Administration, 42 Colum. L. Rev. 1, 27 ( 1942 ). " The rule that the payment of a less sum can never sustain an agreement to discharge a greater, because without consideration, however well supported by authorities . . . is based upon misconception, is not founded in reason, and cannot be followed without aban-doning the greater principle that reason is the life of the law. " *Frye* v. *Hubbell,* 74 N. H. 358, 377. Consequently in *Frye* v. *Hubbell, supra,* it was held that payment of part of a debt accepted in full payment discharged liability for the balance.

*Watkins* v. *Carrig*, 91 N. H. 459, 464; Annot. 119 A.L.R. 1123. Whether "the claim be liquidated or unliquidated, the matter resolves itself into a question of fact as to whether the lesser sum was accepted as satisfaction in full." *Corey Steeplejacks Co.* v. *Cray*, 106 N. H. 126, 130; 1A Corbin, Contracts, *s.* 175, *p.* 119 (1963).

In the present case there is no doubt that the defendant was dissatisfied with the lease, was attempting to "break the lease," and wished to terminate the lease with the payment of rent for the month of March by the check which bore the notation "final and terminating payment under lease." There is also no doubt that the plaintiffs were aware of these facts because of the defendant's complaints and the letters they had received from the defendant's attorney. If the presiding justice had believed the defendant's testimony that she was terminating the lease by the check for the March rent and the defendant accepted it as such, there would be an accord and satisfaction. *Hackett* v. *Railroad*, 95 N. H. 511; *C & R Construction Co.* v. *Manchester*, 89 N. H. 506. However it is evident that the court concluded from the testimony that the plaintiffs had not violated the terms of the lease, that they did not accept the payment of rent for March which was due as a discharge of the obligation of the lease. It was findable that the notation endorsed on the check was only reiteration of the defendant's purpose, stated in the previous letters to the plaintiffs, to terminate the lease unilaterally, and that the plaintiffs did not waive their rights under the lease regardless of what actions the defendant might take. The burden of proof was on the defendant to make out a case for accord and satisfaction. 6 Corbin, Contracts, *s.* 1280 (1962). The court has in effect found that this burden has not been met by the defendant. We do not read the court's statement that "there was no consideration paid by the lessee that could lead to the conclusion that there was an accord and satisfaction," as requiring a separate consideration as a matter of law. It appears to have been only one of several evidentiary factors from which the court concluded from the testimony that the plaintiff did not agree to an accord and satisfaction. "In all the circumstances, it cannot be said as a matter of law that the plaintiff by cashing the check accepted it in full payment of his account." *Corey Steeplejacks Co.* v. *Cray*, 106 N. H. 126, 130; New Hampshire Annotations to Restatement, Contracts, *s.* 420, *p.* 145; 6 Corbin, Contracts, *s.* 1281 (1962).

Consequently the defendant's exceptions are overruled and the order is

*Judgment on the verdict.*

All concurred.