Carroll,
No. 5655.

CHARLES H. DAVIS

*v.*

AMERICAN PLASTICS, INC.

Argued December 5, 1967.
Decided January 30, 1968.

*William D. Paine* ( by brief and orally ), for the plaintiff.

*L. Hamlin Greene* for the defendant, filed no brief.

PER CURIAM. Action for breach of contract brought by the plaintiff, an advertising consultant, against the defendant who was entering into the production of suction box covers which are used in paper making machines. The plaintiff submitted a letter dated May 12, 1964 which was a "summary of the agreement" between the parties which was signed by the defendant's agents May 21, 1964. Trial by the Court resulted in a "verdict for the defendants" and plaintiff's bill of exceptions was allowed and transferred by *Dunfey,* J.

At the trial the plaintiff contended "that the contract on the face of it is indivisible as a matter of law." Particular reliance is placed on that part of the letter which reads as follows: " . . . you [defendant] have agreed that our [plaintiff] minimum compensation for the year beginning May 11, 1964 and ending May 10, 1965 shall be $2,500 providing for a minimum payment of $200 in each month of that year." The parties have stipulated that no work was undertaken by the plaintiff prior to date of the letter of agreement. It was the defendant's contention at the trial

"that the contract, when considering all the surrounding circumstances relating thereto, is divisible" and that if there was a technical breach, "that the defendant has fully performed on a quantum meruit basis." Particular reliance is placed on that part of the letter which reads as follows: " . . . you [defendant] have agreed, that for our [plaintiff] time spent in travel and consultation with you, the generation of ideas, and their execution, you would pay us on a time basis. Your monthly invoice will, therefore, be determined by the amount of time actually spent in your behalf with a minimum of $200, for any single month."

On or about August 26, 1964 the defendant discontinued production of suction box covers and its general manager resigned and notified the plaintiff. This terminated plaintiff's services for the defendant. It was stipulated that the defendant had paid in full the invoices submitted by the plaintiff for May, June, July and August totaling $1,043.83 of which $750 represented services and $293.83 represented costs and expenses.

The Trial Court was not requested to make any findings of fact by the parties and he made none. The court's verdict for the defendant obviously rejects the plaintiff's claim that he was entitled to a minimum fee of $2,500 minus the $750 already paid by the defendant. 5 Williston, Contracts (Rev. *ed.*) *s.* 1358 (1937). There was evidence from which it could be found that the parties assumed that the plaintiff's services would be required for one year and as long as that condition existed the defendant would be billed monthly. See 6 Williston, Contracts (Jaeger *ed.* 1962) *s.* 862, *pp.* 273-274; 5A Corbin, Contracts, *s.* 1127 (1964). There was no evidence as to plaintiff's damages or losses under the contract. Where no findings appear which render an order of the Trial Court improper, all required findings necessary to justify it were presumably made. *Lincoln* v. *Langley,* 99 N. H. 158, 159; *Ware* v. *Company,* 99 N. H. 19, 21. "Since the presumptions are that the findings necessary to support the verdict were made by the Trial Court, and the record discloses no error of law" (*Joachim* v. *Andover Silver Co.,* 104 N. H. 18, 22), the order is

*Judgment on the verdict.*