Hanover District Court
No. 7133

DENIS S. RANSMEIER

v.

TIME SHARE CORPORATION & a.

PETER B. MARTIN

v.

TIME SHARE CORPORATION & a.

May 30, 1975

*Sulloway, Hollis, Godfrey & Soden* and *John C. Ransmeier (Mr. Ransmeier* orally) for the plaintiffs.

*Laurence F. Gardner* and *K. William Clauson (Mr. Clauson* orally) for the defendants, Time Share Corporation and Interactive Learning Systems, Inc.

PER CURIAM. The issues in these employment contract actions are whether the Hanover District Court properly found plaintiffs were in the employ of Time Share Corporation and that the corporation was liable for the commissions plaintiffs allege they are entitled to as compensation for their work.

Trial was held without a transcript, and both parties waived any evidentiary objections they might have had. The District Court *(Ingram,* J.) dismissed Interactive Learning Systems, Inc. from the suit, since the court concluded that it was without jurisdiction. Because we uphold the verdicts, against Time Share Corporation, we need not decide whether this dismissal was proper.

Time Share Corporation was held liable to the plaintiff Ransmeier for the sum of $398.75 and to the plaintiff Martin for the sum of $734.24. In its findings, the court concluded that "[t]he important question is 'Whom did the plaintiffs in good faith believe they were employed by?' On this question, both directly and indirectly, there was a great deal of testimony. In the Court's opinion a preponderance of the evidence supports plaintiffs' contention that they were of the opinion they were employees of Time Share Corporation." The court also ordered no costs to be paid by either party. Extensive findings of fact were made at the requests of all parties and other findings necessary to support the district court's decision are implied. *Davis v. American Plastics,* 108 N.H. 454, 455, 237 A.2d 688, 690 (1968); *Lincoln v. Langley,* 99 N.H. 158, 159, 106 A.2d 383, 384 (1954).

Both plaintiffs, residents of Massachusetts, were originally employed by Interactive Learning Systems, Inc., a Massachusetts corporation. Part of the plaintiffs' wages were to be paid as commissions for their efforts in securing contracts for the company. In or about November 1971, Interactive Learning Systems, Inc., sold its assets to Time Share Corporation, a Maryland corporation, which carried on business in Hanover, New Hampshire. Evidence was also presented that Time Share for all practical purposes after the acquisition controlled a number of financial matters relating to the payroll of Interactive Learning Systems, Inc. The district court, therefore, could have reasonably found that the plaintiffs were led in good faith to believe that, after the acquisition, they were employed by Time Share Corporation, that Time Share used Interactive Learning Systems, Inc., as an instrument through which it performed its business, and that plaintiffs were in fact employed by Time Share. Annot., 38 A.L.R.3d 1102, § 4 (1971). This is not a case, therefore, requiring the piercing of the corporate veil in order to reach Time Share Corporation. *Cote Brothers v. Granite Lake Realty Co.,* 105 N.H. 111, 193 A.2d 884 (1963); *see Peter R. Previte, Inc. v. McAllister Florist, Inc.,* 113 N.H. 579, 311 A.2d 121 (1973).

The district court denied plaintiffs' request for costs and attorneys' fees. Under RSA 275:53 III, the legislature has provided our courts with the discretionary power to award costs and reasonable attorneys' fees to plaintiffs who successfully maintain wage claims in our courts. We cannot say, however, that the district court abused its discretion in refusing to allow costs and attorneys' fees in this case.

*Defendant's exceptions overruled.*