Grafton
No. 7508

POST ROAD REALTY, INC.

v.

ZEE–BAR, INC.

February 28, 1977

*Deachman & Gruber* and *James A. Shuchman,* of Plymouth (*Mr. Shuchman* orally) for the plaintiff.

*Leo R. Lesieur,* of Nashua, by brief and orally, for the defendant.

LAMPRON, J.  Action by plaintiff to recover the balance of a real estate brokerage commission of $1,830 resulting from the sale of defendant's property. Trial was held before a Master (*William E. Lovejoy,* Esq.) who recommended that a verdict be entered for plaintiff in the amount of $830. The Trial Court (*Johnson,* J.) approved the master's report, and a decree in accordance with the report was ordered. Defendant's exceptions to the denial of its motions for a nonsuit and to set aside the verdict were reserved and transferred.

Defendant's property in Franconia Village was sold to a buyer procured by plaintiff for a total price of $30,500. Plaintiff claims to be owed a six percent commission, amounting to $1,830. Plaintiff received from defendant a check in the amount of $1,000, the amount defendant alleges to be the agreed upon commission. On the face of the check defendant had written: "Commission—Yellow Building in Franconia Village. Full payment without recourse." We hold that the master properly found that a commission of six percent was agreed to and that defendant's $1,000 check did not constitute an accord and satisfaction of the $1,830 commission due.

Defendant's first argument is that the master erred in finding that there was no agreement for a commission of less than six percent and that plaintiff was entitled to a six percent commission. At trial, conflicting testimony was introduced as to the amount of the real estate commission the parties had agreed upon in the event plaintiff effected a sale of defendant's property.

There was evidence tending to show that the agreement between the parties was for a six percent commission, but that this arrangement was contingent on defendant's receiving a net figure of $29,500; otherwise, the commission was to be $1,000. There was also evidence tending to show that the agreement between plaintiff and defendant was for a six percent commission with no net figure condition and that six percent was a standard commission for this type of service.

██  The only question on appeal relative to a question of fact such as this is whether a reasonable person could find as the master did. *New England Tel. & Tel. Co. v. Mitchell*, 114 N.H. 478, 480, 322 A.2d 613, 615 (1974); *Weeks v. Morin*, 85 N.H. 9, 12, 153 A. 471, 472 (1931). We hold that the master's finding of fact that a six percent commission was agreed upon is supported by the evidence of record.

Plaintiff caused defendant's check to be certified by the bank on which it was drawn within three days of its receipt of it, but did not cash it. Approximately a month prior to receiving the check, plaintiff had sent a letter to defendant indicating that plaintiff expected a six percent commission if defendant should sell the Franconia property to the buyer procured by plaintiff. Within nine days of receipt of the check, plaintiff instituted the action from which this appeal was taken. Defendant argues that plaintiff's act of having the $1,000 check from defendant certified either constituted an acceptance of the terms on which the check was remitted or estopped plaintiff to deny that an accord and satisfaction had been established.

██  The check was clearly marked as an offer of full payment of the sales commission. However, in order to establish an accord and satisfaction, it is necessary that plaintiff have accepted, or agreed to accept, the satisfaction proposed by defendant. 15 S. Williston, Contracts § 1838 (Jaeger ed. 1972); *see Hackett v. Railroad*, 95 N.H. 511, 514, 67 A.2d 340, 341 (1949). The rule in New Hampshire is that the question of whether accord and satisfaction has been established is a question of fact. *Kramas v. Beattie*, 107 N.H. 321, 324, 221 A.2d 236, 237 (1966); *Corey Steeplejacks Co. v. Cray*, 106 N.H. 126, 130, 206 A.2d 617, 620 (1965); *C. & R. Construction Co. v. Manchester*, 89 N.H. 506, 508, 1 A.2d 922, 923 (1938); *Frye v. Hubbell*, 74 N.H. 358, 68 A. 325 (1907); *see* 15 S. Williston, Contracts § 1854, at 543 (Jaeger ed. 1972).

The burden was on defendant to prove an accord and satisfaction by establishing either an express agreement or an estoppel in fact. *Kramas v. Beattie,* 107 N.H. at 324, 221 A.2d at 238; *C. & R. Construction Co. v. Manchester,* 89 N.H. at 508, 1 A.2d at 923; 6 A. Corbin, Contracts § 1280 (1962).

█ Defendant argues that RSA 382–A:3–411(1) which provides in part: "Certification of a check is acceptance" governs this case, and that certification of the check by the bank constituted acceptance by plaintiff of the conditions on which the check was remitted. However, this court has construed the above provision to mean that "[c]ertification of a check is acceptance by the drawee." *Perry v. West,* 110 N.H. 351, 354, 266 A.2d 849, 852 (1970); *see* RSA 382–A:3–410(1). This section does not apply to plaintiff as payee of the check. Obtaining the drawee bank's certification of the check constituted less of a gesture of acceptance than cashing the check would have been, and cashing of the check in these circumstances would not alone have established an accord and satisfaction. *See Kramas v. Beattie,* 107 N.H. 321, 221 A.2d 236 (1966); *Corey Steeplejacks Co. v. Cray,* 106 N.H. 126, 206 A.2d 617 (1965); *Pike v. Buzzell,* 76 N.H. 120, 79 A. 992 (1911).

█ The facts in this case are also distinguishable from those in *C. & R. Construction Co. v. Manchester,* 89 N.H. 506, 1 A.2d 922 (1938), upon which defendant relies to support his claim of estoppel. In that case, the court held that "the payee of the check is estopped to deny the accord and satisfaction when he fails to do what the ordinary man would do to notify the drawer of non-acceptance of the conditions on which the check is tendered." *Id.* at 508, 1 A.2d at 923. Plaintiff initiated this action within nine days of receipt of the check. This was neither an unreasonable means of notification of nonacceptance nor an unreasonable delay in doing so.

It was the master's finding that plaintiff "did not in any way intend to or accept" defendant's check as payment in full of plaintiff's claim and the verdict for the plaintiff constituted a finding that plaintiff was not estopped to deny accord and satisfaction. *See Ransmeier v. Time Share Corp.,* 115 N.H. 300, 301, 338 A.2d 550, 551 (1975); *Davis v. American Plastics,* 108 N.H. 454, 455, 237 A.2d 688, 690 (1968). The master's findings were supported by the evidence and must therefore be upheld. *New England Tel. & Tel. Co. v. Mitchell,* 114 N.H. 478, 480, 322 A.2d 613, 615 (1974); *see*

*Corey Steeplejacks Co. v. Cray,* 106 N.H. 126, 130, 206 A.2d 617, 620 (1965).

*Judgment on the verdict.*

DOUGLAS, J., did not sit; the others concurred.