Derry District Court
No. 98-233

NEW HAMPSHIRE BORING, INC.

v.

ADIRONDACK ENVIRONMENTAL ASSOCIATES, INC.

November 17, 2000

*Jonathan Prew*, of Amherst, by brief and orally, for the plaintiff.

*Orr & Reno, P.A.*, of Concord (*R. James Steiner* and *Jennifer A. Eber* on the brief, and *Ms. Eber* orally), for the defendant.

BRODERICK, J. The plaintiff, New Hampshire Boring, Inc. (NH Boring), appeals the Derry District Court's (*Thornton*, J.) dismissal of its breach of contract action against the defendant, Adirondack Environmental Associates, Inc. (Adirondack), on the basis of accord and satisfaction. We affirm.

The following facts were adduced at trial. NH Boring contracted with Adirondack to provide drilling services and materials at a site in New York. In August 1996, NH Boring sent Adirondack a bill for $79,561.00. In late December 1996, Adirondack responded in writing stating that if an "agreement" could be reached on the full amount due on the contract, it would promptly pay NH Boring $59,247.70. On January 7, 1997, Adirondack again wrote to NH Boring, this time enclosing a check for $62,205.51. In its accompanying two-page letter, Adirondack detailed its accounting of the proper contract balance. At the conclusion of its correspondence, Adirondack stated that its check "fulfill[ed] all of [its] contractual agreements with [NH Boring]." The check itself contained no notation that it represented final payment.

NH Boring cashed the check without any limiting endorsement. It then applied the proceeds to its outstanding bill, noted a partial payment in its records, and issued a new invoice to Adirondack for the $17,355.49 balance. Adirondack refused to honor the invoice, and NH Boring filed suit. At the close of NH Boring's case-in-chief, Adirondack successfully moved for a directed verdict on the basis of accord and satisfaction.

On appeal, NH Boring argues that the trial court erred in dismissing its case because (1) Adirondack failed to timely plead accord and satisfaction as an affirmative defense, (2) Adirondack failed to present any evidence of accord and satisfaction after NH

Boring's case-in-chief, (3) the trial court failed to apply the Uniform Commercial Code (UCC) when assessing Adirondack's assertion of accord and satisfaction, and (4) there was no evidence of mutual assent necessary to establish an accord and satisfaction. We review a trial court's decision to grant a directed verdict under an abuse of discretion standard. *Laramie v. Sears, Roebuck & Co.*, 142 N.H. 653, 656, 707 A.2d 443, 445 (1998). A directed verdict may "be granted only when the sole reasonable inference that may be drawn from the evidence, . . . viewed in the light most favorable to the nonmoving party, is so overwhelmingly in favor of the moving party that no contrary verdict could stand." *Simonds v. City of Manchester*, 141 N.H. 742, 744, 693 A.2d 69, 71 (1997) (quotation omitted).

## I

We briefly address NH Boring's first two arguments. When Adirondack moved for a directed verdict, NH Boring did not contest whether Adirondack timely pled accord and satisfaction as a defense, or whether Adirondack was obligated to offer affirmative evidence of that defense afte NH Boring concluded its case-in-chief. Therefore, both issues are waived. *State v. Hodgdon*, 143 N.H. 399, 401, 725 A.2d 660, 662 (1999).

## II

We consider the remaining issues of whether the UCC as opposed to the common law applies to this case and whether the record conclusively supports an accord and satisfaction. NH Boring argues that the UCC governs this case, and that the mutual assent element for accord and satisfaction as defined under the UCC was not met. Specifically, it contends that Adirondack's offer of an accord and satisfaction in its January 7 letter was not conspicuous as required under the UCC. We conclude, however, that even assuming the UCC applies to the parties' contract, mutual assent was conclusively proven in this case.

Under the UCC, any notation on a check or accompanying written communication indicating that payment is tendered in full satisfaction of a claim must be conspicuous. RSA 382-A:3-311(b) (1994). The UCC provides that a term or clause is "conspicuous"

when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: NON-NEGOTIABLE BILL OF LADING) is conspicuous. Language in the body of a form is "conspicu-

ous" if it is in larger or other contrasting type or color. But in a telegram any stated term is "conspicuous". Whether a term or clause is "conspicuous" or not is for decision by the court.

RSA 382-A:1-201(10) (1994). The test of whether language is conspicuous is, in essence, "whether attention can reasonably be expected to be called to it." RSA 382-A:1-201 comment 10.

NH Boring argues that Adirondack's January 7, 1997, letter failed to give notice of an offer of accord and satisfaction because the relevant language was in the same type as the entire document, and was not otherwise conspicuous from the remaining text. It concedes, however, that had the language appeared on the check itself, it would have no basis to dispute the existence of an accord and satisfaction. Therefore, it does not challenge the sufficiency of the language itself as communicating Adirondack's intent for the check to serve as full and final payment. It merely asserts that it lacked subjective awareness of the purported offer and that its subsequent conduct of noting only partial payment, rebilling Adirondack for the balance, and referring the account to legal counsel for collection adequately communicated that no accord and satisfaction had been reached.

▮ The evidence conclusively established that the January 7 letter was sufficient to notify NH Boring that the enclosed check for $62,205.51 served as full and final payment. Under the facts of this case, there was no need for the language in the letter to be emphasized through bold or distinct type. The sentence was not part of a form letter or incorporated within overly complex or lengthy correspondence. Cf. RSA 382-A:1-201(10) (all terms within a telegram are conspicuous). In fact, the January 7 letter contained only one and one-half pages of text, and was typed and double-spaced. The pertinent sentence was not hidden in the text but served as the conclusion to a letter that focused exclusively on Adirondack's calculation of the appropriate remaining balance. Accordingly, we conclude that the January 7 letter contained conspicuous language that Adirondack intended the check to discharge any remaining obligation to NH Boring, and thus satisfied the mutual assent element under the UCC.

▮ We reject NH Boring's contention that its lack of subjective awareness of the offer in the January 7 letter foreclosed a finding of accord and satisfaction. It argues that it merely cashed the check in the normal course of its business without paying particular atten-

tion to the letter. NH Boring's lack of diligence is of no consequence because, objectively viewed, the letter would have alerted a reasonable recipient of the offer of accord and satisfaction, and NH Boring does not dispute its opportunity to have read the letter prior to cashing the check. *See Gannett v. Merchants Mut. Ins. Co.*, 131 N.H. 266, 269-70, 552 A.2d 99, 102 (1988). Finally, NH Boring's actions after it cashed the check are of no legal consequence because it did not dispute the check's status as full and final payment prior to or contemporaneously with its tender. *See Hackett v. Railroad*, 95 N.H. 511, 514, 67 A.2d 340, 341-42 (1949); *C. & R. Construction Co. v. Manchester*, 89 N.H. 506, 509, 1 A.2d 922, 923-24 (1938).

Accordingly, we hold that the trial court did not err in granting Adirondack's motion for a directed verdict.

*Affirmed.*

JOHNSON, J., sat for oral argument but retired prior to the final vote; BROCK, C.J., and HORTON, J., concurred.