Hillsborough,  } No. 3651.
July 2, 1947. }

## ALMA C. COTE *v.* AMEDEE COTE.

*McLane, Davis & Carleton* and *Stanley M. Brown* (*Mr. Brown* orally), for the plaintiff.

*Robert W. Upton* and *John H. Sanders* (*Mr. Upton* orally), for the defendant.

JOHNSTON, J.   The present proceeding is not one to recover money due and needed for the support of the children.   It is for the equitable

purpose of reimbursing a mother, the plaintiff, for expenditures of hers caused by the default of the father, the defendant, under a court order with respect to payments for the support of their children.

Among the findings of the Trial Judge is the following: "It is found, however, that both parties entered into the remarriage with the understanding that 'bygones would be bygones,' and that past obligations of either were forgiven to the extent they legally could be." There was evidence to support this finding. Accordingly, there can be no recovery for any arrearages prior to October 18, 1930.

It is unnecessary to consider the defense that the second marriage between the parties in the fall of 1930 had the legal effect of annulling and rendering ineffective the order of support so that no recovery for any installments could be had after the date of said marriage.

The present petition was filed March 6, 1946, after the defendant had received a substantial settlement on account of serious personal injuries. With respect to the conduct of the plaintiff after the separation in November of 1930, the Court found as follows: "It is found that Alma C. Cote worked in the same place as Mr. Cote, the Amoskeag Manufacturing Co. of Manchester, for a number of years subsequent to 1930 and that she saw him in the plant and that in the exercise of the slightest diligence could have located him through his relatives whenever she wished. She made no direct efforts in this respect, but on the contrary at the solicitation of her children refrained from pursuing Cote for support." Concerning the period after the children became self-supporting in 1935, the Court found: "In so far as the findings requested have any probative value in establishing laches or the lack of laches on the part of Alma C. Cote a general finding is made that Alma C. Cote made no reasonable effort to pursue her legal remedies, if any she had, against Amedee Cote subsequent to 1935 until the bringing of the present action." "Among possible reasons for denial it might be found that the libelee has not been diligent in instituting and prosecuting his petition." *Eaton* v. *Eaton*, 90 N. H. 4, 9. "A wife may, by her own conduct, disable herself from claiming any benefit under an order such as was originally made herein and conduct showing an intention to treat the order of the court as no longer in force is conduct of this kind." *Paille* v. *Paille*, 91 N. H. 249, 253.

One of the defenses is that of laches on the part of the plaintiff. This defense is mainly a question of fact, concerning which this court is bound by the above stated findings of the Trial Judge, since there is evidence to support them. " 'The issue as to laches is primarily one

of fact' (*Hould* v. *Company*, 83 N. H. 474, 476, and cases cited), and it cannot be said that an unexplained delay of from seven years and eight months to twelve years and eight months requires a finding of reasonable diligence as a matter of law." *Wellington* v. *Wellington*, 88 N. H. 482.

Unless it is inequitable, a court of equity in applying the doctrine of laches will follow substantially the analogy of the statute of limitations. "As a general rule, courts of equity, equally with courts of law, are bound by the statute of limitations." *Wentworth* v. *Wentworth*, 75 N. H. 547, 550. From eleven to sixteen years elapsed since the right, if any, of the plaintiff to be reimbursed accrued.

From the above quotation taken from *Wellington* v. *Wellington*, *supra*, it appears that laches is a good defense where the time elapsed is substantially more than that of the analogous statute of limitations and there is an unexplained delay. In the present case not only is there such a long delay but it is actually explained unfavorably to the plaintiff. The Court has found that she made no reasonable effort to pursue her legal remedies and that she lacked diligence. Such a finding coupled with the long lapse of time is laches. In *Record* v. *Trust Company*, 89 N. H. 1, a plaintiff mortgagor, who for eight years recognized a mortgage as valid and knew all facts entitling her to a discharge on the ground of fraud, was found by the trier of fact not chargeable with laches. Yet this court said that there was no finding that she did not waive or abandon her right to a discharge and held that such a finding was required. The bill was dismissed.

The defendant argues that one of the elements of laches is a change of conditions on the part of the defendant so that relief to the plaintiff would be more prejudicial than otherwise because of the plaintiff's delay. It is true that there is no such express finding of change in the situation here. However, in this jurisdiction the requirement of such a factor in laches is limited ordinarily to cases where the delay is less than the limit of the statute. "The defendants also assert laches on the plaintiff's part in not bringing his suit until a lapse of over four years after the closing of the bank. No argument is made that the liquidating agent has so far disposed of the bank's assets and distributed their proceeds that he has insufficient funds to meet the liability, and no facts are asserted as ground to make the grant of relief inequitable on account of the delay. The statute of limitations therefore governs." *Stefani* v. *Savings Bank*, 90 N. H. 10, 12, 13. "While courts of equity follow the analogy of the statute, so that in the absence of explanatory circumstances a claim not enforceable at law

because of the statute will not be allowed in equity as matter of law, the attending circumstances may induce a court of equity to refuse relief after a delay less than the limit of the statute. *Kelley* v. *Boettcher*, 85 Fed. Rep. 55, 62. Whether there has been such delay is a question of fact to be established by the defendant, but which in the absence of a finding may be conclusively established by the pleadings or the evidence. *Page Belting Company* v. *Prince*, 77 N. H. 309, 314. While the court could not say under the circumstances disclosed in *Alden* v. *Gibson*, 63 N. H. 12, that a delay of six months was unreasonable as matter of law, it was held in *Chamberlain* v. *Lyndeborough*, 64 N. H. 563, that a delay of three months unexplained was, under the circumstances of that case, fatal to the maintenance of the proceedings." *Barrett* v. *Cady*, 78 N. H. 60, 65, 66.

*Petition dismissed.*

DUNCAN, J., did not sit: the others concurred.