Rockingham,
No. 4635.

FANNIE VALHOULI & a. v. ELIAS COULOURAS.

Submitted June 4, 1958.

Decided June 20, 1958.

*Sleeper & Mullavey* for the plaintiffs, furnished no brief.

*Perkins & Holland* and *Robert B. Donovan* for the defendant.

KENISON, C. J. The principal issue is whether the plaintiffs in the circumstances of this case are precluded by laches from enforcing the violation of a restrictive covenant running with the land by the defendant. The residential restriction, which limited the owners to the erection of a single dwelling for either one or two families, was a reasonable one which was valid and binding on the parties to this litigation. *Johnson* v. *Shaw*, 101 N. H. 182; *Winnipesaukee &c. Ass'n* v. *Gordon*, 63 N. H. 505. See *Nashua Hospital* v. *Gage*, 85 N. H. 335. For the purposes of this case it may be assumed, without deciding the question, that the defendant violated the residential restriction of the common grantor, Sun Valley Beach, Inc., by erecting two dwellings on a lot and a half. See *Sun Valley &c. Co.* v. *Watts*, 98 N. H. 428, 433.

It has been long recognized that the enforcement of a restrictive covenant by injunctive relief may be denied because of the conduct of the parties. 3 Williston, Contracts (Rev. *ed.*) *s.* 740; Clark, Covenants and Interests Running with Land (2d *ed.* 1947) 184; *Wischmeyer* v. *Finch*, 231 Ind. 282. One defense to the enforcement of restrictive covenants is laches but mere lapse of time alone is not enough. 5 Powell, Real Property, *s.* 683, *p.* 213 (1956). "Delay alone is seldom the sole justification for refusing an injunction. But, in a case where other considerations render doubtful the wisdom of granting it, the failure of the one applying for the injunction to act promptly is a factor adverse to granting it." Restatement, Property, *s.* 562, *comment* b. In this case the Court found that the plaintiffs waited until the construction was completed at substantial cost before making any complaint.

Neither law nor equity nor science has been able to develop any mechanical gauge that will automatically tell litigants or the court the number of months or years that are required to constitute reasonable promptness in bringing a suit to avoid the defense of laches. "The operative facts establishing laches are different from case to case." 5 Powell, Real Property (1956) *supra; Stewart* v. *Finkelstone*, 206 Mass. 28. Since each case has to be considered in the totality of the facts and circumstances surrounding it (anno. 12 A. L. R. (2d) 394), the defense of laches has been regarded as "mainly a question of fact" for the Trial Judge. *Cote* v. *Cote*, 94 N. H. 372, 373. This proposition was succinctly stated in *Hould* v. *Company*, 83 N. H. 474, 486: "The issue as to laches is primarily

one of fact." See also, *Wellington* v. *Wellington*, 88 N. H. 482.

In the present case the plaintiffs waited for more than two years after the defendant constructed his one-family dwelling before instituting their suit for injunctive relief. While this did not constitute laches as a matter of law (*Watters* v. *Blatt*, 249 Mass. 340), it was evidence upon which the Trial Court could make a sustainable finding of laches in this case. See *Duhamel* v. *Prescott*, 101 N. H. 108, 111. Delay "for an unreasonable length of time in bringing the suit after knowledge of the breach may be the basis for the equitable defense of laches, particularly where a mandatory injunction is being sought." II American Law of Property, s. 9.38, *p.* 443. This is particularly so in view of the further finding that the relative hardship in granting relief to the plaintiffs was disproportionate to the benefit secured thereby. 5 Powell, Real Property, s. 685, *p.* 223. "Thus a combination of laches and disproportion between harm and benefit may have the effect of causing the denial of an injunction when neither alone would have caused such denial." Restatement, Property, s. 563, *comment* c.

*Exceptions overruled.*

WHEELER, J., took no part in the decision; the others concurred.