Rockingham,
No. 5615.

FLEURY S. MARGESON

*v.*

THELMA R. LADD.

Argued May 3, 1967.
Decided July 18, 1967.

*Charles M. Dale* ( by brief and orally ), for the plaintiff.

*Arthur J. Reinhart* ( by brief and orally ), for the defendant.

DUNCAN, J. A fundamental argument advanced by the defendant is that there "was no evidence upon which the Master could support its finding that the wall in question was upon the Plaintiff's land." The argument is based primarily upon the proposition that the deeds under which the parties claim contain no measurements and refer to no monuments other than the sidelines of adjacent streets, so that the division line between the adjoining properties cannot be located with accuracy upon the ground.

The twelve inch brick wall erected against the defendant's eight inch brick wall in 1936 or 1937 presumably was to satisfy an easement of support appurtenant to the defendant's property. See *Wadleigh* v. *Cline*, 99 N. H. 202; *Bean* v. *Dow*, 84 N. H. 464. There was evidence that because of its height the defendant's brick wall would not stand without such support. In finding that the twelve inch wall was located upon the plaintiff's property, the master had before him in addition to the evidence obtained at the view, the description contained in the deed to the plaintiff, which antedated the deed to the defendant, and bounded the plaintiff's property along the boundary in question as follows: "thence . . . to the center of the original 8-inch brick Easterly wall of the Brick building on said last mentioned land [now owned by the defendant]; thence through the center of said original brick wall to said State Street."

Since the twelve inch wall in question was easterly of the "original 8-inch brick Easterly wall" mentioned in the deed, the finding of the master that the twelve inch wall was on the plaintiff's land was amply warranted. The deed under which the defendant claimed offered no contradiction since it bounded the defendant's property on the easterly side simply "by land now or

formerly of Charles M. Dale" ( now belonging to the plaintiff). Since the evidence warranted the finding made, the finding is sustained.

The balance of the defendant's argument is devoted to the contention that the decree requiring the defendant to restore the wall is oppressive and inequitable, since the plaintiff suffered no material damage, while the defendant "acted in good faith, believing that the window which was cut through the wall was entirely upon her premises" and she will be put to substantial expense to restore the wall, in order to remedy a "harmless encroachment."

The evidence did not compel a finding that the defendant acted in good faith. There was evidence that she requested permission of the plaintiff which was denied, and that installation of the window was later accomplished in a short time by working from the inside of the defendant's own building, so that the plaintiff had no opportunity to halt the work before completion.

Relying upon *Hunter* v. *Carroll*, 64 N. H. 572, the defendant argues that the damage which will be caused to the defendant by reason of "an innocent mistake as to the line . . . will be greatly disproportionate to the injury of which the plaintiff complains."

This court has frequently recognized that injunctive relief in equity does not follow automatically from findings that rights of the moving party have been invaded. See *Johnson* v. *Shaw*, 101 N. H. 182, 183-189, and cases cited. There is no reason in the case before us however, to assume that the master and the Trial Court failed to weigh the factors which enter into a determination of whether an injunction should issue. Restatement, Torts, *ss.* 936-941. The issue of damages was considered by the master and a finding with respect thereto was made. The authorities support the granting of affirmative relief in analogous circumstances. *Normille* v. *Gill*, 159 Mass. 427; *Bonney* v. *Greenwood*, 96 Me. 335, 347; 2 Thompson on Real Property ( 1961 Replacement ) *s.* 403; 5 Powell on Real Property, *s.* 690, *p.* 345; See also, *Beaudoin* v. *Sinodinos,* 313 Mass. 511, 519.

It cannot be said upon the record in the case before us that entry of the injunction was erroneous as a matter of law. Accordingly the order is

*Exceptions overruled.*

All concurred.