Grafton
No. 6871

NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY

v.

MITCH CHALON MITCHELL d.b.a.
MITCH'S MOBILE HOMES TRANSPORTING, SALES & PARKS

AND

EULA MITCHELL

July 19, 1974

*McLane, Graf, Greene & Brown* and *Bruce W. Felmly (Mr. Felmly* orally) for the plaintiff.

*Paul A. Gruber,* by brief and orally, for the defendants.

DUNCAN, J. By an instrument recorded in 1947, Medie Pudvah, who was defendant Eula Mitchell's predecessor in title to certain land in Woodsville, granted to the plaintiff telephone company an easement for a telephone line right-of-way over the land. The deed gave the company the right to lay underground telephone cables and erect overhead lines across the property. The grantor agreed

for himself, his successors and assigns not to establish or allow any building or structure within the easement which "in the judgment of the grantee ... might interfere with the proper maintenance" of the lines "or their service in connection therewith", and also not to erect or permit any inflammable structure within 75 feet of overhead lines or within 12½ feet of buried cable. In 1947 and 1948, the company installed a regional trunk cable across the land, partly buried, and partly overhead on poles, carrying 1129 circuits at the time of trial.

After a period of negotiation, the company brought this bill in equity to enjoin the defendants Eula Mitchell, present owner of the land, and her husband Chalon Mitchell, who operates a mobile home sales and rental business on the property, from continuing to infringe the company's rights under the easement. A hearing with a view was held before a Master, *Walter D. Hinckley,* Esq. His report, finding in favor of the company and recommending that an injunction issue, was approved by the superior court and a decree issued accordingly. All questions of law raised by various exceptions preserved by the defendants were reserved and transferred by *Mullavey,* J.

The master found that several unoccupied display mobile homes on the property were located within 12½ feet of the buried cable, and that certain occupied trailers were located within 75 feet of the overhead portion of the cable, in violation of the express terms of the easement. Accepting the determination by the company that the location of the display trailers "might seriously interfere" with emergency maintenance of the buried cable, and that the occupied trailers constituted a hazard to the overhead line, the master so found, and ruled that "injunctive relief would be equitable under all the circumstances", since irreparable damage to the company or its subscribers might otherwise result. In accordance with his recommendation, the court decreed that the defendants be enjoined from maintaining the mobile homes within the limits specified in the grant of the easement.

It is agreed that the trailers located within 75 feet of

the overhead line have been removed, and this appeal relates only to so much of the report and decree as concerns the display homes situated within 12½ feet of the buried line. There is no contention that the easement is not valid and enforceable against the defendants, or that a display trailer is not an "inflammable structure" within the terms of the easement. The defendants' argument is directed solely to the question whether, under the circumstances, the injunction was properly issued. While the owner of the land is entitled to make reasonable use of it which does not interfere with the rights of the holder of the easement, in this case the landowner agreed to be governed by the judgment of the grantee of the easement as to whether any buildings or structures on the right-of-way might interfere with the grantee's proper maintenance and service of the grantee's lines. The master's finding, supporting the plaintiff's determination that serious interference might result, was warranted by the record. "[T]he issue here is not, as counsel for the defendant seems to assume, whether on the reported evidence, the members of this court would find as the master has found, but whether any reasonable man could so find." *Weeks v. Morin,* 85 N.H. 9, 12, 153 A. 471, 472 (1931).

"This court has frequently recognized that injunctive relief in equity does not follow automatically from findings that rights of the moving party have been invaded.... There is no reason in the case before us however, to assume that the master and the Trial Court failed to weigh the factors which enter into a determination of whether an injunction should issue." *Margeson v. Ladd,* 108 N.H. 233, 236, 231 A.2d 638, 641 (1967) (citations omitted); *Crocker v. Canaan College,* 110 N.H. 384, 388, 268 A.2d 844, 847 (1970); *cf. Johnson v. Shaw,* 101 N.H. 182, 189, 137 A.2d 399, 403-04 (1957). The master's report demonstrates that he considered hardship to the defendants that would result from an injunction, as well as hardship to the plaintiff company that might result from its denial and concluded that "injunctive relief would be equitable under all the circumstances." We cannot say that the issuance of

the injunction was erroneous as a matter of law, and the order is

*Exceptions overruled.*

KENISON, C.J., did not sit; the others concurred.