Belknap
No. 7402

CITY OF LACONIA

v.

HENRY W. BECRAFT & a.

December 30, 1976

*Colin A. Norberg,* city solicitor, by brief and orally, for the plaintiff.

*Richard P. Brouillard* and *McLane, Graf, Greene, Raulerson & Middleton* and *Charles A. DeGrandpre (Mr. DeGrandpre* orally) for the defendants.

PER CURIAM. In this bill in equity, the issue is whether a building in the process of construction is so at variance with defendant's permit as to justify a revocation of the permit and the granting of an injunction.

Defendants, who own property on the shore of Paugus Bay, a public water body in Laconia, upon which was located a boathouse, applied in 1969 for and received a permit to build an addition to it. The application for the permit was on a form supplied by the city. The items checked and the statements made on the form indicated that defendants intended to construct an "addition", "summer accommodations and workshop-addition to present boathouse," "Residence, Summer," plus a "Garage, private." The size was stated to be 28' x 40' and the cost was estimated at

$3,000. The form was accompanied by a rough sketch showing the outline of the building to be erected with an indication of a bathroom and garage doors at one end. The sketch showed no windows or other details, and the city required nothing more.

Following the receipt of the permit, defendants proceeded to erect a 28' x 40' cement foundation, part of which abuts the stone foundation of the old boathouse. When this was completed, the city in 1970 instituted litigation seeking to compel its removal on the basis that the city had a fee interest in the land on which it was located. After a hearing, it was determined that the city's interest was a highway easement only, that the foundation did not interfere with it, and that defendants "may complete construction of the new building on the present foundation." No appeal was taken by the city from this ruling.

Thereafter defendants applied for a new permit to construct a single-family home, 28' x 52' in size. This was denied on the ground that it would violate the Laconia zoning ordinance. They then applied for a variance which was also denied. They were granted a sewer permit, and on November 13, 1973, their attorney notified the building official that in view of the denial of the variance they would proceed under the 1969 building permit. No objection was made by the city. They then began the erection on the 28' x 40' foundation of a modular building which had been modified to fit the foundation. On January 22, 1974, the building officer notified defendants that their permit was revoked because the building was not in conformance with the permit. On the same date, the city instituted this proceeding seeking to enjoin defendants from placing any structures on their land until necessary permits were obtained.

There was a hearing before a Master *(Leonard C. Hardwick,* Esq.) who thereafter recommended that the requested injunction issue. A decree in accordance with the master's report and recommendation was issued by *Keller,* C.J., who transferred defendants' exceptions.

The decision of the trial court in the previous case is not res judicata of the questions now in issue because the question whether the building complied with the permit had not arisen at the time of the prior litigation because the erection of the structure had not then begun. *See Laconia Nat'l Bank v. Lavallee,* 96 N.H. 353, 77 A.2d 107 (1950).

The master found that the structure does not conform to the declared intent of the defendants as indicated by the information

submitted upon their application. He further found that the sketches submitted indicated a structure of less substantiality than that of a modular home such as was erected and that the structure erected is free-standing and not an addition to the boathouse as represented in the application. Because there is support in the record for these findings, they are upheld.

A permit may ordinarily be revoked if the permittee does not perform the work in conformity with the statement, plans, or specifications on which the permit was issued. 101 C.J.S. *Zoning* § 245 (1958). Furthermore, if the holder of the permit proceeds to erect a structure which differs from the one authorized by the permit the city can institute proceedings to enjoin its erection or to prevent the occupancy of the building erected on the premises. RSA 31:88; *Carter v. Nashua,* 113 N.H. 407, 418, 308 A.2d 847, 854 (1973). Such proceedings are authorized in order to protect the property rights of others in the community and to safeguard the comprehensive zoning plan of the city. 3 A. Rathkopf, The Law of Zoning and Planning 66-3 (3d ed. 1972).

*Exceptions overruled.*

BOIS, J., did not sit; GRIMES, J., concurred in the result; the others concurred.

GRIMES, J., concurring in the result:
I agree that the evidence supports the findings of the master. However, I would remand this case for consideration of the question whether laches or disproportionate harm as to benefit or a combination of the two should result in a denial of an injunction. *Valhouli v. Coulouras,* 101 N.H. 320, 142 A.2d 711 (1958); *Johnson v. Shaw,* 101 N.H. 182, 137 A.2d 399 (1957); *New England Tel. & Tel. Co. v. Mitchell,* 114 N.H. 478, 322 A.2d 613 (1974); Restatement of Property § 563, Comment *c* (1944).