Hillsborough
No. 81-190
No. 81-198

JOANN P.

v.

GARY W.

February 12, 1982

*Stanton E. Tefft,* of Bedford (*Daniel J. Harkinson* on the brief and orally), for the plaintiff.

*Hanrahan & Michael,* of Bedford (*John W. Hanrahan* on the brief and orally), for the defendant.

BATCHELDER, J.   The defendant has appealed an order of the Superior Court (*Dalianis,* J.) requiring him to pay $100 each week through the New Hampshire Probation Department for the support of the parties' minor child who was born out of wedlock. He was further ordered to pay the sum of $2,568.56 for expenses in connection with the plaintiff's prenatal care and delivery of the child. The court's authority is contained in RSA ch. 168-A, which clearly spells out that in this State the father of a child born of unwed parents is "liable to the same extent as the father of a child born in wedlock . . . for the reasonable expenses of the mother's pregnancy and confinement and for the education and necessary support of the child. . . ." RSA 168-A:1.

The plaintiff cross-appeals an order that denies her motion to make the support order retroactive to the birth of the child. We affirm the trial court on both issues.

The defendant's contention in this appeal is that his obligation to support the child should not include support for the mother and that the weekly amount ordered necessarily provides support for the mother and is, therefore, an abuse of discretion.

At the time of the hearing, the plaintiff and her infant daughter were renting one room of a house with a family in Braintree, Massachusetts, sharing kitchen and bathroom facilities. Moreover, they were required to vacate that house within a month to six weeks after the hearing. At the time, the plaintiff was receiving AFDC benefits from Massachusetts, although she was seeking employment and suitable living quarters in southern New Hampshire. She has a high school equivalency and has never earned more than the minimum wage.

The defendant, at the time of hearing, was employed part-time (about twenty hours weekly) as a waiter earning approxi-

mately $140.00 per week, and, in addition, he had a guaranteed lifetime yearly income of $25,000 before taxes as a result of having won the $1,000,000 New Hampshire Sweepstakes. The defendant also is the owner of rental property in Manchester in which he has an equity of $25,000. The plaintiff's support affidavit shows a monthly requirement of $925 for rent, food, utilities, insurance, clothing, transportation, telephone, laundry, day care and incidentals. The defendant claims that this amount should be divided evenly between the mother and the daughter and that only the latter's share should be the basis for child support. This is not a practical solution. The fact of parenthood and the presence of a child determine, in a large measure, the housing requirement as to location and nature of accommodations as well as her life-style.

■■ On the basis of the evidence before the trial court, we cannot say that the order was unreasonable. The trial court's determination will not be disturbed if it could reasonably be made, *Starkeson v. Starkeson*, 119 N.H. 78, 80–81, 397 A.2d 1043, 1045 (1979), nor is the trial court mandated to use "fixed formulas and mechanical decisional techniques in cases involving questions of . . . child support. . . ." *Economides v. Economides*, 116 N.H. 191, 194, 357 A.2d 871, 873 (1976).

■ The trial court could have ordered retroactive support payments going back up to two years before the action. *See* RSA 168-A:12 (Supp. 1979). *See also* N.H.S. JOUR. 1991 (1971). However, on the facts of this case, we do not find the failure to do so an abuse of discretion.

*Affirmed.*

BOIS, J., did not sit; the others concurred.