Belknap
No. 83-103

THELMA JENOT

v.

WHITE MOUNTAIN ACCEPTANCE CORPORATION & a.

April 9, 1984

*Wescott, Millham & Dyer*, of Laconia (*Steven M. Latici* on the brief and orally), for the plaintiff.

*Gould & Neubeck*, of Meredith (*Michael E. Gould* on the brief), by brief for the defendants, waiving oral argument.

KING, C.J. The questions presented in this appeal are whether a former shareholder of a dissolved corporation can foreclose a mortgage given to the corporation, and enforce the promissory note secured by that mortgage, after the three-year corporation continuance period provided by RSA 293-A:95, I(c) (Supp. 1983) has elapsed, *see also* RSA 293-A:106 (Supp. 1983), and, if so, whether the action is barred by the equitable doctrine of laches. The Superior Court (*Pappagianis*, J.) discharged the mortgage and promissory note and, alternatively, found that any action brought to foreclose

the mortgage and enforce the promissory note would be barred by laches. For the reasons which follow, we reverse.

The plaintiff, Thelma Jenot, and her deceased husband, on June 5, 1967, gave a promissory note to the defendant White Mountain Acceptance Corporation (White Mountain), which was secured by a mortgage. The last mortgage payment made by the plaintiff was on June 4, 1973, which was applied to a March 1972 payment. The plaintiff was fifteen months behind in her mortgage payments. The term of the promissory note was seven years, and the note was scheduled to mature on June 5, 1974. As of April 1982, the mortgage had an outstanding balance of $6,562.77.

White Mountain was dissolved by the New Hampshire Legislature on June 25, 1971. Prior to its dissolution, the stockholders of White Mountain were the defendant Richard Feltham, individually, and Belknap Investment Corporation, which was wholly owned by Mr. Feltham before its subsequent dissolution. Neither the mortgage nor the promissory note was assigned to Mr. Feltham during the corporate life and windup of White Mountain.

Mr. Feltham testified at trial that, on account of the plaintiff's financial condition and the death of Mr. Jenot, he took no formal legal action following the three-year windup period to recover the mortgage payments from the plaintiff.

The plaintiff, on September 15, 1981, filed a petition to discharge the mortgage. The plaintiff contended that both White Mountain and its former stockholders were barred from foreclosing the mortgage and enforcing the promissory note, because the three-year corporate windup period had expired.

While admitting that White Mountain was barred from foreclosing the mortgage because of the dissolution of the corporation and the subsequent expiration of the corporation continuance period, Mr. Feltham contended, at trial, that as a former stockholder, he succeeded to the rights of the corporation in the mortgage and the promissory note. Further, Mr. Feltham argued that as the current sole owner of White Mountain's assets, he had the right to enforce collection of the promissory note, under the provisions of RSA 508:2 and RSA 508:6, beyond the three-year continuance period.

The Superior Court (*Pappagianis*, J.) approved the recommendation of the Master (*Robert A. Carignan*, Esq.) that the mortgage and promissory note be discharged. The master found that Mr. Feltham, as a former stockholder of White Mountain, was barred from pursuing any action on either the mortgage or the promissory note due to the expiration of the statutory continuance period, then codified at RSA 294:98 ("any business corporation dissolved by act of the legislature shall nevertheless continue as a body corporate for the term

of 3 years"), repealed by Laws 1981, 557:2 (current version codified at RSA 293-A:95, I(c) (Supp. 1983)). *See also* RSA 293-A:106 (Supp. 1983). In so ruling, the master relied on our opinion in *MBC, Inc. v. Engel*, 119 N.H. 8, 397 A.2d 636 (1979), that former shareholders have no greater rights than a dissolved corporation. The master also found that any claim brought by Mr. Feltham would be barred by laches. Mr. Feltham raises both issues on appeal. We reverse, finding error in both conclusions.

On appeal, Mr. Feltham argues that a former· shareholder of a dissolved corporation may foreclose a mortgage and enforce the promissory note beyond the corporation continuance period, if the action is brought within the twenty-year limitation period for foreclosure of a mortgage. *See* RSA 508:2; RSA 508:6. He thus contends that since his right to foreclose the mortgage has not expired under the twenty-year limitation period, he has the right to enforce the promissory note under RSA 508:6.

This court has long recognized the rights of former shareholders of a dissolved corporation to succeed, in their individual capacities, to assets owned by the corporation prior to its dissolution. *Hampton v. Hampton Beach Improvement Co.*, 107 N.H. 89, 94, 218 A.2d 442, 446–47 (1966). "We subscribe to the general rule that after the dissolution of a corporation its property passes to its stockholders subject to the payment of the corporate debts." *Id.* In *Hampton*, this court held that the former stockholders of a dissolved corporation succeeded to a lease held by the corporation prior to its dissolution and to the rights and liabilities of the corporation in the leasehold estate. *Id.; see Downtown Athletic Club, Inc. v. Brown*, 122 N.H. 633, 634–35, 448 A.2d 402, 404 (1982).

This rule of law is based on the principle in equity that at dissolution of a corporation the equitable right to a distributable share of the corporation's assets vests in the respective shareholders:

> "On the dissolution of . . . a corporation, whether by expiration of its charter, by a judgment of forfeiture, or otherwise, it is considered in equity, even in the absence of any statute, that its assets are held for the benefit of its stockholders or members, after payment of its debts, and will be so distributed by a court of equity when no other mode of distribution is provided by statute."

16A FLETCHER, CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 8134, at 323 (1979); *see also Hampton v. Hampton Beach Improvement Co. supra* (reaffirming this principle in equity, relying on *Fletcher*).

The New Hampshire corporation continuance statute, RSA 293-A:95, I(c) (Supp. 1983), provides, in pertinent part, that:

> "Any corporation having its charter forfeited . . . shall, nevertheless, continue as a body corporate for 3 years . . . for the purpose of presenting and defending suits by or against it and of gradually closing and settling its concerns and distributing its assets, including the disposition and transfer of all or any part of the property. . . ."

A companion statute, RSA 293-A:106 (Supp. 1983), states, in part, that:

> "The dissolution of a corporation . . . shall not take away or impair any remedy available to or against the corporation, its directors, officers, or shareholders, for any right or claim existing, or any liability incurred, prior to the dissolution if action or other proceeding on the right or claim is commenced within 3 years after the date of dissolution. . . . The shareholders, directors, and officers shall have power to take corporate or other action as shall be appropriate to protect the remedy, right or claim."

 We will strictly construe the corporation continuance statute, *MBC, Inc. v. Engel*, 119 N.H. at 11, 397 A.2d at 638, and its companion statute preserving corporate rights and remedies during the windup period. *See id.* The corporation continuance statute "exclusively controls matters concerning dissolved corporations." *Id.* at 13, 397 A.2d at 639.

██ RSA 293-A:95, I(c) (Supp. 1983) mandates that a corporation continue as a body corporate for three years after the date of dissolution to enable it to close up its business affairs. The statute, therefore, gave White Mountain three years after dissolution in which to foreclose the plaintiff's mortgage and enforce the promissory note. To allow White Mountain to commence a foreclosure action, after the expiration of the windup period, would contravene the acknowledged policy of the corporation continuance statute to insure that there is "'a definite point in time at which the existence of a corporation and the transaction of its business are terminated.'" *MBC, Inc. v. Engel, supra* at 12, 397 A.2d at 639 (quoting *Bishop v. Schield Bantam Co.*, 293 F. Supp. 94, 96 (N.D. Iowa 1968)).

The defendant argues that when a corporation has failed to exercise its right to foreclose a mortgage and enforce a promissory note within the three-year windup period, the right to the mortgage and promissory note automatically descends to the former shareholders suing in their individual capacities. We agree.

The plaintiff argues that this court's interpretation of the corporation continuance statute in *MBC, Inc. v. Engel supra* suggests that the three-year limitation period is applicable not only to a dissolved corporation but also to its shareholders.

■ In *MBC, Inc.*, this court barred derivative actions by former shareholders seeking to assert a claim on behalf of a dissolved corporation after the three-year windup period had expired. *MBC, Inc.*, 119 N.H. at 13, 397 A.2d at 639. *See also Druding v. Allen*, 122 N.H. 823, 451 A.2d 390 (1982) (a principal stockholder of a dissolved corporation can be sued, based on a theory of piercing the corporate veil, during the windup of the corporation). The court reasoned that after the windup period had elapsed, the expired claim of a dissolved corporation is no more enforceable by the former shareholders than it is by the dissolved corporation. *MBC, Inc. v. Engel supra*.

Our opinion in *MBC, Inc.* did not face the case at bar, wherein a former principal stockholder of a dissolved corporation seeks nothing for and on behalf of the corporation, but instead, in his individual capacity, seeks recovery of an asset—the mortgage and promissory note—which he acquired by operation of principles in equity. In fact, Mr. Feltham's status as a former stockholder of White Mountain is immaterial in this action other than to show the manner by which he acquired the right to the mortgage and the promissory note.

■ The lack of any discussion of *Hampton v. Hampton Beach Improvement Co.* in *MBC, Inc.* indicates that the court confined the scope of its holding to the rights of former shareholders to assert the claims of a dissolved corporation. The omission of any reference to *Hampton* also indicates that the court in *MBC, Inc.* did not construe the corporation continuance statute to supplant the equitable rule that former shareholders succeed to the assets of a dissolved corporation.

■ Further, the plaintiff's contention that the three-year limitation period which controlled White Mountain's capacity to sue is also applicable to Mr. Feltham in his individual capacity, would, if accepted by this court, lead to the anomalous result of barring former shareholders from enforcing rights to corporate assets at the same time they succeeded to ownership of the assets by operation of equity principles. In effect, under the plaintiff's argument, a former principal stockholder of a dissolved corporation would acquire a right to a corporate asset which he could not enforce.

The plaintiff also argues that a formal assignment of a corporate asset by the dissolved corporation to a shareholder during the wind-

up of the corporation is required to allow the shareholder to enforce his right to the asset irrespective of the windup period. The plaintiff's conclusion follows from the rationale that an assigned asset is no longer a corporate asset. There was no such assignment in this case.

We are unable to discern why Mr. Feltham's right to foreclose the mortgage and enforce the promissory note should be made contingent upon the manner in which he acquired the mortgage and the promissory note. The right to the mortgage and the promissory note which Mr. Feltham acquired by operation of principles in equity was no different from that which he would have acquired by assignment. Thus, the remedy of foreclosure is available to Mr. Feltham if an action is brought within the applicable limitation period, provided it is not subject to other defenses, including laches.

RSA 508:2 provides:

"No action for the recovery of real estate shall be brought after 20 years from the time the right to recover first accrued to the party claiming it or to some persons under whom he claims."

Mortgages are subject to the twenty-year limitation period. *Phinney v. Levine*, 116 N.H. 379, 380, 359 A.2d 636, 637 (1976).

RSA 508:6 states:

"Actions upon notes secured by a mortgage of real estate may be brought so long as the plaintiff is entitled to bring an action upon the mortgage."

Under this statutory provision, an action may be maintained on a note secured by a mortgage although the six-year limitation period for enforcement of a promissory note, RSA 508:4, has expired. *Phinney v. Levine supra.* In the present case, the note and mortgage were executed on June 5, 1967, and thus the statute of limitations on the mortgage could not run until June 5, 1987, at the earliest. Accordingly, Mr. Feltham is not barred by the statute of limitations from enforcing his right to the promissory note and the mortgage.

The trial court found that Mr. Feltham's nearly ten-year delay in asserting his right to the mortgage and promissory note bars Mr. Feltham from foreclosing the mortgage or otherwise enforcing the promissory note under the equitable doctrine of laches. Mr. Feltham seeks a reversal of this finding.

A mortgagee's right to foreclose a mortgage is a right to equitable relief, RSA 498:1, and, thus, is subject to laches. *Phinney v. Levine*, 117 N.H. 968, 971, 381 A.2d 735, 737 (1977). Whether Mr.

Feltham is precluded by laches from enforcing his right to the mortgage and promissory note is a question of fact for the trial judge to resolve. *Cote v. Cote*, 94 N.H. 372, 373, 54 A.2d 360, 361 (1947).

 In determining whether to apply laches, courts in this jurisdiction will turn to the analogous statute of limitations for guidance. *State Employee's Ass'n of N.H. v. Belknap County*, 122 N.H. 614, 622, 448 A.2d 969, 973 (1982). However, "[n]either law nor equity nor science has been able to develop any mechanical gauge that will automatically tell litigants or the court the number of months or years that are required to constitute reasonable promptness in bringing a suit to avoid the defense of laches." *Valhouli v. Coulouras*, 101 N.H. 320, 322, 142 A.2d 711, 712-13 (1958).

 Mere lapse of time alone is not enough to establish laches. *Id.*, 142 A.2d at 712. "'Laches, unlike limitation, is not a mere matter of time, but is principally a question of the inequity of permitting the claim to be enforced—an inequity founded on some change in the conditions or relations of the property or the parties involved.'" *Wood v. General Elec. Co.*, 119 N.H. 285, 289, 402 A.2d 155, 157 (1979) (quoting 14 AM. JUR. 2d *Certiorari* § 30, at 807 (1964)).

 When the delay in bringing suit is less than the applicable limitation period, laches will constitute a bar to suit only if the delay was unreasonable and prejudicial. *State Employees' Ass'n of N.H. v. Belknap County supra*. The party asserting laches bears the burden of proving both that the delay was unreasonable and that prejudice resulted from the delay. *Id.*

██ We are unwilling to conclude that a delay of nearly ten years in foreclosing a mortgage and enforcing a promissory note is unreasonable as a matter of law. *See Cote v. Cote, supra* at 375, 54 A.2d at 362. Accordingly, we turn to the second prong of the laches analysis.

The master made no express finding of changed circumstances which would render Mr. Feltham's delay in seeking relief prejudicial to the plaintiff. *See id.* at 374, 54 A.2d at 362. The plaintiff made no argument at trial that she had insufficient funds to pay the outstanding mortgage because of a change in her financial position which occurred during the delay. Nor did the plaintiff assert any facts which would make the grant of relief which Mr. Feltham may seek inequitable on account of the delay. *See id.*

Further, the plaintiff could not make a valid argument that any attempt by Mr. Feltham to seek relief would constitute a surprise

that would lead to special harm if relief were granted. *See Wood v. General Elec. Co., supra,* 402 A.2d at 157–58 (defendants' argument that they were prejudiced and inconvenienced by the expense of an unnecessary trial was insufficient to constitute laches when an important question of law was presented and the defendants knew that the plaintiff was attempting to pursue his claim).

Indeed, the record before this court indicates that the plaintiff was well aware throughout the period of delay that Mr. Feltham sought payment of the balance due on the mortgage. The plaintiff was sent several letters by Mr. Feltham notifying her that her mortgage payments were in arrears. Further, plaintiff's former counsel was supplied with records by Mr. Feltham documenting the outstanding balance on the mortgage. Mr. Feltham testified that he also exchanged correspondence with the plaintiff's former counsel notifying him of the outstanding balance on the mortgage.

 Accordingly, we hold that the plaintiff produced insufficient evidence to support a finding of laches. Therefore, the applicable limitation period set forth in RSA 508:2 governs. *Cote v. Cote, supra* at 374, 54 A.2d at 362.

 We hold that Mr. Feltham, as sole former stockholder, succeeded to the assets of White Mountain, and that he and his successors and assignees may commence a foreclosure action on the plaintiff's mortgage or otherwise enforce the promissory note within the twenty-year limitation period set forth in RSA 508:2

*Reversed.*

All concurred.