Hillsborough
No. 85-483

### MICHELE A. CLARKE AND THE NEW HAMPSHIRE DIVISION OF WELFARE

v.

### JAMES E. CLARKE

October 2, 1986

*Stephen E. Merrill*, attorney general (*Larry M. Smukler*, assistant attorney general, on the brief and orally), for the State.

*Bruce E. Friedman*, Franklin Pierce Law Center Family and Housing Law Clinic, of Concord, by brief and orally, for the defendant.

### MEMORANDUM OPINION

The State intervened in this divorce action in order to assert and determine the amount of the defendant's indebtedness for public assistance to his wife and child. *See* RSA 161-C:4, I (Supp. 1985). The Superior Court (*Murphy*, J., acting on the recommendation of a Master, *Peter J. Bourque*, Esq.) rendered a decree of divorce accompanied by a finding, *inter alia*, that the defendant's debt to the State was $3,848.25 for assistance provided prior to the date of the decree. Because the defendant was in prison and without assets on the date of the decree, the court did not order the defendant to reimburse the State by periodic payments or otherwise. After entry of the decree below, the defendant's present counsel entered the case for the purpose of appealing the finding of indebtedness. We affirm.

It is undisputed that the State did not notify the defendant of his potential liability before providing the assistance for which it claims that the defendant is indebted. The defendant alleges that the court calculated his indebtedness without reference to his ability to pay support during the period prior to the decree, and he therefore claims that the decree of indebtedness violates the due process requirement of *City of Claremont v. Truell*, 126 N.H. 30, 489 A.2d 581 (1985). He also claims that the State's broad discretion over the date for commencing proceedings to determine and collect such indebtedness raises the potential for violating equal protection requirements.

█ In the absence of a stenographic record, the defendant is unable to show that he raised either of these constitutional claims before the trial court. The State maintains that it offered evidence of the amount of assistance without objection, and the defendant's notice of appeal concedes that he failed to articulate any constitutional claim below. We therefore dismiss the appeal for failure to raise an appealable issue in the trial court. *See Daboul v. Town of Hampton*, 124 N.H. 307, 309, 471 A.2d 1148, 1149 (1983).

We will add only that we find no support for the defendant's position in *Truell*, which involved claims against responsible parents or step-parents for reimbursement of expenditures on behalf of children who had been adjudicated children in need of services (CHINS) under RSA chapter 169-D (Supp. 1985). The case held that due process requires notice to the parents of their potential liability prior to the CHINS adjudication. *Truell, supra* at 38, 489 A.2d at 587. The court chose this moment because the parents would thereby receive notice in time either to rectify the children's problems without governmental expenditure or to argue in favor of mitigating those expenditures before they were incurred. *Truell supra*. That is, the court recognized the discretionary nature of CHINS expenditures, and held that the parents should be made aware of their potential liability in time to be heard before the court makes its discretionary decisions.

█ In contrast, the governmental expenditures for which the State claims the defendant is indebted in this case, and for which it may at some time seek reimbursement, were largely for the basic necessities of his child's survival. No discretionary judgment was necessary, for example, in deciding that the defendant's child needed food and shelter. Consequently there would be no point in requiring notice and hearing so that the defendant could contest the need for such support. In these circumstances notice is timely if it allows the defendant an opportunity to dispute his relationship to

the recipient of the assistance, to contest the amount of the debt, and to contest any claim for actual repayment before a reimbursement order is entered against him. The hearing before the superior court was timely on the first two issues, and the State has not yet requested a reimbursement order. The statutory procedure therefore did not violate the due process protections afforded by either the State or National Constitutions. *Accord White v. Lee*, 124 N.H. 69, 75–76, 470 A.2d 849, 853 (1983) (State and federal due process rights require notice and opportunity to be heard prior to any proceeding that will be accorded finality in deprivation of property rights).

The defendant's equal protection claim rests on speculation and thus fails to present an issue for adjudication.

*Affirmed.*