Strafford
No. 90-421

# THE STATE OF NEW HAMPSHIRE

v.

# BRIAN WEEKS

May 3, 1991

*John P. Arnold*, attorney general (*Ann F. Larney*, attorney, on the brief, and *Susan Geiger*, assistant attorney general, orally), for the State.

*Brian Weeks*, of Rochester, orally, *pro se*.

JOHNSON, J.   The State appeals the Superior Court's (*Temple* and *Dickson*, JJ.) orders dismissing the State's petition to determine paternity and to enforce the obligation of child support against the defendant, Brian Weeks. The central issue in this case is whether the State's action is barred by laches. We hold that it is not, and therefore reverse and remand.

Jane Doe (the mother) gave birth to Mary Doe (the child) on January 19, 1977. No father was stated on the child's birth certificate, but the mother has named Weeks as the father of the child, and alleges that he held himself out as the father until the commencement of this action. Weeks denies these allegations.

In April 1977, the mother and the child began to receive public assistance benefits from the division of human services (the division), in the form of Aid to Families with Dependent Children (AFDC). At that time, RSA 168-A:12 (1977) barred all paternity actions brought after a child's first birthday. Although this time limit was expanded to two years in September 1977, *see* Laws 1977, 387:1, the division failed to meet either of these deadlines. The legislature abandoned the two-year limitation in 1985 and enacted a time limit of eighteen years, *see* Laws 1985, 331:3. This court has since acknowledged the United States Supreme Court's decision in *Clark v. Jeter*, 486 U.S. 456 (1988), declaring that both of the earlier short limitations would be found to be unconstitutional. *See Opinion of the Justices*, 131 N.H. 573, 579, 558 A.2d 454, 457–58 (1989). The mother and the child have continued to receive AFDC during most of the past fourteen years.

After the legislature expanded the period to commence paternity actions in 1985, the division reviewed its AFDC cases and eventually brought this action, filing in 1987 a "Petition to Determine Paternity and Enforce the Obligation of Support" and a motion for blood tests. The Superior Court (*Nadeau*, J.) approved the Master's (*Stephanie T. Nute*, Esq.) recommendation to grant the motion in March 1988,

but because the results of the tests were inconclusive, the division filed a motion in May 1990 for additional blood testing.

After a hearing before a marital master on the latter motion, the Superior Court (*Temple*, J.) approved the Master's (*Pamela D. Eldredge*, Esq.) recommendation that the following order be entered:

> "Since the child is now 13 years of age and the child's mother allegedly knew the identity of the natural father for all of those 13 years, the master finds this delay to be unreasonable, and [the mother] is guilty of *laches* which bars this paternity action as to her.
>
> The question of whether the State's failure to bring this action in behalf of [the mother] at an earlier date also bars this paternity action as to it, must likewise be answered in the affirmative, for two reasons.
>
> One, the child was born on 1/19/77 and the State began paying AFDC benefits on 4/1/77. Clearly, that was the time to commence the paternity action.
>
> Two, RSA 167:14-a provides that the Division of Human Services is the assignee of the recipient of public assistance for any claims or rights of actions against another person. Since the D.H.S. is subrogated to [the mother's] rights to child support from the other parent, and her rights against Defendant are barred by *laches* from a 13 year delay, those rights as assigned to the D.H.S. under RSA 167:14-a are also barred, since she has no rights to assign."

The division responded with a motion for reconsideration, and made the following arguments: (1) the mother's rights to enforce Weeks's child support obligations were assigned by operation of law under RSA 161-C:22, I, when she began receiving AFDC, and therefore she had no rights for the superior court to bar; (2) the superior court failed to make a necessary finding of prejudice, and thus misapplied the doctrine of laches; and (3) Weeks was not prejudiced by the division's delay in commencing this action.

The Superior Court (*Dickson*, J.) again denied the division's motion upon the Master's (*Pamela D. Eldredge*, Esq.) recommendation, which states in part: "The fact that the child is 13 years old and the State seeks an order finding Defendant responsible for 13 years of public assistance debt, without prior notice to him, clearly establishes the prejudice to his interests in this action." The court apparently abandoned its initial position concerning assignment and subrogation of the mother's rights to enforce support obligations.

On appeal, the State repeats the arguments made by the division to the superior court, and in addition argues that the court's finding of prejudice due to lack of prior notice is erroneous as a matter of law. Moreover, the State maintains that this finding of prejudice, if correct, should only be applied to bar the defendant's obligations for AFDC payments already made, and not to prospective payments. Weeks, appearing *pro se*, filed no brief in this court. At oral argument, he simply stated that he has never admitted to being the child's father and has never held himself out as her father.

■■ Laches is an equitable doctrine, the application of which is a question of fact for the trial court. *See Jenot v. White Mt. Acceptance Corp.*, 124 N.H. 701, 709–10, 474 A.2d 1382, 1387 (1984). Therefore, we will not overturn the superior court's decision unless we find it is unsupported by the evidence or erroneous as a matter of law. *See Stanley D. v. Deborah D.*, 124 N.H. 138, 143, 467 A.2d 249, 251 (1983). As explained below, we find the court's ruling of unreasonable delay to be unsupported by the evidence, and hold that its finding of prejudice due to lack of prior notice is erroneous as a matter of law.

In determining whether the superior court erred in dismissing the paternity action due to laches, we first "turn to the analogous statute of limitations for guidance." *Jenot, supra* at 710, 474 A.2d at 1387. The relevant statute of limitations allows the division to commence a paternity action at any time before the child's eighteenth birthday. Thus, at the time the division began this suit, there were eight years left in the limitation period.

■■ However, "'[l]aches, unlike limitation, is not a mere matter of time, but is principally a question of the inequity of permitting the claim to be enforced—an inequity founded on some change in the conditions or relations of the property or the parties involved.'" *Wood v. General Elec. Co.*, 119 N.H. 285, 289, 402 A.2d 155, 157 (1979) (quoting 14 AM. JUR. 2d *Certiorari* § 30, at 807 (1964)). More specifically, "laches will constitute a bar to suit only if the delay was unreasonable and prejudicial. The party asserting laches bears the burden of proving both that the delay was unreasonable and that prejudice resulted from the delay." *Jenot*, 124 N.H. at 710, 474 A.2d at 1387 (citations omitted).

The superior court's finding that the division's delay in commencing suit was unreasonably long is itself unreasonable and is not supported by the evidence. The mere fact that the division waited ten years does not by itself render the delay unreasonable, because the legislature has decided that such an action may be brought within eighteen years of a child's birth.

■ Moreover, this is not a case of a plaintiff's purposefully "sitting on its rights" out of malice or ineptitude. The division could not have brought an action between the time the child reached her second birthday and the time the legislature passed the current statute of limitations, a period of six years, because the original statutes of limitations barred such a suit. And although the division failed to commence suit within the original one- and two-year limitation periods, we took the position that these periods would be found to be unconstitutional for the very reason that they were unreasonably short. *See Opinion of the Justices*, 131 N.H. at 579–80, 558 A.2d at 458 ("requiring paternity actions to be brought within one or two years does not provide a reasonable opportunity to those with an interest in illegitimate children to bring suit on their behalf"). Thus, the two-year delay between the child's birth and the running of the original limitation periods should likewise not be held against the division as unreasonably long under a theory of laches. These calculations leave only the two years between the statutory change in 1985 and the filing of this suit. Given this court's statements in *Opinion of the Justices*, 131 N.H. at 579–80, 558 A.2d at 457–58, that a two-year limitation period was unconstitutional, we cannot say that this two-year delay was unreasonable.

■ Next, we examine the superior court's finding that Weeks was prejudiced by lack of notice of his possible responsibility for several years of public assistance debt. First, we note that the State has failed to provide a transcript of the hearing below on the motion for additional blood tests. Thus, we must assume that the master's finding of lack of notice to the defendant was supported by the evidence. *See Dombrowski v. Dombrowski*, 131 N.H. 654, 663, 559 A.2d 828, 833 (1989) (where no record of a hearing is made, we assume that the evidence supported the findings).

■ However, we hold that, as a matter of law, a finding of lack of notice cannot support a determination of prejudice in this case. We recently held in *State v. Dionne*, 131 N.H. 630, 631–32, 557 A.2d 653, 655 (1989) that due process does not bar the State from charging a responsible parent for AFDC expenditures where the parent was not warned of his or her potential liability prior to the State's decision to grant public assistance. As we stated in *Clarke v. Clarke*, 128 N.H. 550, 517 A.2d 816 (1986):

"[T]he governmental expenditures for which the State claims the defendant is indebted in this case, and for which

it may at some time seek reimbursement, were largely for the basic necessities of his child's survival. No discretionary judgment was necessary, for example, in deciding that the defendant's child needed food and shelter. Consequently there would be no point in requiring notice and hearing so that the defendant could contest the need for such support. In these circumstances notice is timely if it allows the defendant an opportunity to dispute his relationship to the recipient of the assistance, to contest the amount of the debt, and to contest any claim for actual repayment before a reimbursement order is entered against him."

*Id.* at 551–52, 517 A.2d at 817–18. Following *Clarke* and *Dionne*, we hold that, for purposes of determining whether an action is barred by laches, lack of prior notice of responsibility for public assistance debt does not constitute prejudice.

The superior court cited no other basis for its finding of prejudice, and Weeks merely states on appeal that he has never held himself out as the child's father. As noted above, the party claiming laches bears the burden of proving prejudice. *See Jenot*, 124 N.H. at 710, 474 A.2d at 1387. Weeks's allegation in no way suggests that he was prejudiced, or that during the ten-year delay "some change in the conditions or relations . . . of the parties involved" now makes institution of this paternity action inequitable. *See Wood v. General Elec. Co.*, 119 N.H. at 289, 402 A.2d at 157 (quoting 14 AM. JUR. 2d *Certiorari* § 30, at 807 (1964)). Thus, we reverse the superior court's finding of prejudice and its use of laches to bar the division's paternity action.

■ Assuming Weeks is found to be the child's father, there remains a question as to whether he can be held responsible for all AFDC benefits paid to date or for prospective payments only. We stated in *Joann P. v. Gary W.*, 122 N.H. 104, 106, 441 A.2d 1161, 1162 (1982) that the superior court has the discretionary authority (though not the obligation) to order reimbursement of all AFDC payments "going back up to two years before the action." In support of this proposition, the court cited then-current RSA 168-A:12 (Supp. 1979), which limited the time period for commencement of suit in a paternity action to two years following the child's birth. We intended that reimbursement could be allowed for all AFDC payments made during the child's life. This comports with RSA 161-C:4, which states that "any payment of public assistance made to or for the benefit of a dependent child creates a debt due and owing to the division by any

responsible parent in an amount equal to the amount of public assistance so paid." The financial liability created by this clear statement cannot be avoided merely by the division's delay in commencing suit, unless the delay is shown to be prejudicial and unreasonable.

*Reversed and remanded.*

All concurred.